BOARD OF COMMISSIONERS OF DELAWARE Co. *v.* McCLINTOCK, AUDITOR, ET AL.

PRACTICE.—*Motion to Strike Out.*—There can be no available error in overruling a motion to strike out·a part of a pleading.

RAILROAD.— *Aid from County.* — *Void Bonds.*— *Injunction.*— *Parties.* — It requires express affirmative legislation to authorize an appropriation by a county to aid in the construction of a railroad, and bonds of the county issued for such purpose without such authority are void, and an injunc-

tion will lie, at the suit of a citizen and tax-payer of the county, in his own right, to prevent the issuing and selling of such bonds.

From the Randolph Common Pleas.

*C. E. Shipley, W. Brotherton* and *W. March,* for appellant.

*R. C. Bell* and *T. J. Sample,* for appellees.

BIDDLE, C. J.—This suit was commenced in the Court of Common Pleas of Delaware county, and transferred by a change of venue to the Court of Common Pleas of Randolph county. The transcript is in great confusion. Interrogatories, motions to strike out, demurrers and paragraphs of answer are numbered indiscriminately. Some paragraphs of answer have no number, while several have the same number. Some are pleaded in the singular number, without showing by which defendant; and what appear to have been intended as bills of exceptions have no beginning or end, to distinguish them from other matter in the transcript; all of which renders it very difficult to clearly state the case. We find, however, a complaint brought by Elisha Bartlett against the Board of Commissioners of Delaware county, John L. McClintock, Auditor, Amos L. Wilson, Treasurer, and David T. Haines, Trustee, which avers that the said Bartlett is a resident and tax-payer of Delaware county; that the said board, at their March term, on the 2d day of March, 1869, upon the petition of The Fort Wayne, Muncie and Cincinnati Railway Company, praying for an appropriation from the county treasury to aid the construction of said road, ordered that the county treasurer of said county should pay to said railroad company the sum of fifty thousand dollars out of any moneys, not otherwise appropriated, that might be in the treasury of said county, at such time and in such manner as might thereafter be ordered by said board; that afterwards, on the 5th day of March, 1869, said board ordered the issue and sale of fifty bonds of said county, each for the sum of one thousand dollars, describing the bonds particularly, and further ordered that the auditor of said county should certify said bonds and deliver them to the county

treasurer, and that the treasurer should sell them at the best price he could get for them, not less [more] than eight per cent. discount, and place the proceeds in the county treasury; and ordered that David T. Haines take charge of the said allowance and appropriation made to the railroad company; that he should give bond, with security, to perform his duty as trustee; that he should pay the sum of seventeen thousand dollars to said railroad company when the iron should be laid upon the road of said company to certain points mentioned, and the residue of said fifty thousand dollars when the iron should be laid to certain other points stated; and further ordered that the treasurer pay to said Haines, in trust for the said railroad company, the said sum of fifty thousand dollars in discharge of the obligation incurred by the appropriation made on the 2d day of March, 1869, provided the road should be completed within a given time stated; that Haines accepted said trust and filed his bond; that the auditor delivered the bonds to the treasurer, and the treasurer, on the 15th day of March, 1869, delivered the bonds to Haines "without receiving any money therefor;" that said appropriation was fraudulently procured, and fraudulently made, stating the facts of the fraud; that said Haines at the time was the vice-president of said railroad; that said bonds will be placed upon the markets and sold to innocent holders. Prayer to enjoin the issuing and negotiation of the bonds, to cancel them, and for general relief.

Motions were made to strike out various parts of the complaint, and overruled, exceptions taken, and errors assigned. When motions to strike out parts of a pleading are overruled, no error can be committed that is available here; for if the ruling is right, of course there is no error, and if wrong, the pleading simply carries so much surplusage, which does not vitiate that part of it which is good. It is useless, therefore, to bring such errors here and press them upon this court.

A demurrer was then filed to the complaint and properly overruled. The main ground of the demurrer was, that the

appellee had no right to sue in his own behalf. This court has repeatedly held that a resident and tax-payer has sufficient interest in such a case to maintain the suit in his own right alone.

Another ground of the demurrer was a defect of parties. There is nothing on the face of the complaint showing any defect of parties, either plaintiffs or defendants; and there is enough in the averments to authorize the relief prayed for.

Answers were filed containing several paragraphs, which were moved at, demurred to, and ruled upon in various ways, but which, from the view we take of the case, need not be further noticed. The cause was tried by the court, and the injunction granted according to the prayer of the complaint. Exception. Appeal.

The evidence is not in the record. At the time the appropriation complained of was made and the bonds issued, there was no law authorizing county boards to make appropriations and issue bonds in any such case. There was no law then, and has been none since, authorizing appropriations made in the manner shown in this case. It requires express affirmative legislation to authorize an appropriation of this kind made by a county board. The bonds are without authority of law, and therefore void. No rights can accrue under them, either to the bearer, payee, assignee, or holder. An innocent purchaser, for a valuable consideration, in open market, without notice, could not be protected; they were, therefore, properly enjoined. *L., M. & B. R. R. Co.* v. *Geiger*, 34 Ind. 185; *Harney* v. *I., C. & D. R. R. Co.*, 32 Ind. 244.

The judgment is affirmed, with costs.