## WATTS *v.* COXEN.

STRIKING OUT PLEADING.—*Bill of Exceptions.*—A pleading which has been struck out by the court cannot again be made a part of the record, except by being set out in a bill of exceptions.

SAME.—There is no error in striking out a paragraph of an answer in which there is contained no matter which is not admissible under remaining paragraphs of such answer.

NEW TRIAL.—*Request to Instruct Jury in Writing.*—It is a good cause for a new trial, that the court, having been requested to instruct the jury in writing, gave a portion of the instructions orally.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts,* for appellant.

DOWNEY, J.—This action was brought by the appellee against the appellant. The complaint is in two paragraphs. In the first, it is alleged that, in July, 1869, the defendant seduced and debauched the plaintiff, whereby she became sick and pregnant, and so continued until December, 1871, when she was delivered of a child (there is probably a mistake in these dates), by means of all which she was unable to perform any labor, whatever, for a long time, and incurred great expense; and that, to effect such seduction, etc., the defendant undertook and faithfully promised to marry the plaintiff, which he has refused, and still refuses to do, but has married another woman, whereby she has been damaged five thousand dollars, for which she prays judgment.

The second paragraph alleges mutual promises of marriage between the parties, in 1869, and that the defendant, in November, 1870, wrongfully married another woman, etc.

The defendant answered in six paragraphs, the third and sixth of which were struck out on motion of the plaintiff.

The first was a general denial. The second was payment, and was pleaded to the first paragraph of the complaint. The fourth alleges mutual releases, each in consideration of the other, and is pleaded to the second paragraph of the complaint. The fifth is to the second paragraph of the complaint, and alleges that, after the making of said promise in

said paragraph set forth, the defendant learned that the plaintiff was of bad repute for chastity, and had been guilty of illicit sexual intercourse with divers men and boys, and particularly with one Thomas Jones, of all of which defendant was ignorant at the time of the making of said promise; and plaintiff, in order to induce the defendant to promise to marry her, falsely represented to him that she was a woman of good repute for chastity, and of correct and virtuous deportment, whereby she deceived the defendant, and fraudulently procured him to make the promise in said paragraph set forth, etc.

Reply in denial of the second and fifth paragraphs of the answer.

The trial was by jury, and there was a verdict for the plaintiff. A motion for a new trial was overruled, and there was final judgment on the verdict.

The errors assigned are:

1. The striking out of the third and sixth paragraphs of the answer.

2. Refusing a new trial.

We think the first alleged error cannot avail the appellant. The paragraphs struck out are not again made part of the record by proper bill of exceptions. There is a bill of exceptions in the transcript, which refers to the paragraphs struck out, but they are not set out as part of the bill, and are not, therefore, part of the record, although copied by the clerk, with the other paragraphs, in the transcript. We have, however, examined the paragraphs, and are of the opinion that they contain no matter not admissible under the remaining paragraphs. There was, therefore, no error in striking them out.

The next question is on the ruling of the court in refusing to grant a new trial.

There are several grounds on which it is contended the new trial should have been granted. We need not examine all of them. One ground was, that the court, after having been requested to instruct the jury in writing, gave a portion of

the instructions orally. For this action of the court the judgment must be reversed. The statute imperatively requires that the instructions shall be in writing when so required. 2 G. & H. 198, sec. 324, fifth division. There are numerous decisions in accordance with this ruling.

The other questions made in the motion for a new trial may not present themselves on another trial of the cause.

The judgment is reversed, with costs; and the cause is remanded, with instructions to grant a new trial.