THE ST. LOUIS AND SOUTH-EASTERN RAILWAY CO. *v.* VALIRIUS.

PRACTICE.—*Motion to Strike Out.*—The action of a court in overruling a motion to strike out a portion of a pleading, though such motion be in writing, can not be presented to the Supreme Court without a bill of exceptions.

SAME.—*Surplusage.*—The overruling of a motion to strike out surplusage in a pleading can not be a substantial error, that will reverse a judgment.

RAILROAD.—*Negligence.—Injury to Employee.—Youth of Employee.*—In an action against a railway company for damages occasioned by an injury to an employee who was a minor, while in the performance of his duties as a servant of the defendant, such employee can be held to no higher degree of intelligence and capacity than his youth, inexperience and want of judgment, as known to his employer, would warrant.

SAME.—*Must Use the Best Cars.*—It is negligence for a railway company to use cars dangerous in their construction, when there are others to be procured which are not dangerous, and railroad companies are bound to procure the best, otherwise they will be held responsible.

SAME.—*Employment of Inexperienced Person.*—It is a fact tending to show gross negligence in a railway company for it to employ an inexperienced person in any hazardous and dangerous business, knowing such person to be ignorant of the business for which he is employed, unless said company make known and explain fully the hazard and danger connected with such business, and instruct such person how to avoid the danger ; and youth is an evidence of inexperience, and greater strictness of the rule should be required in the employment of minors than of persons of mature years, even when employed by and with the consent of the parent or guardian.

SAME.—*Use, without Ownership, of Defective Car.*—The use and employment of unsafe and defective cars and machinery by a railway company, whether owned by such company or not, subjects such company to the same liability for injury resulting from their use, where injury is occasioned by such defects, as though such company were the absolute owner of such cars and machinery. It is the imperative duty of railway companies to adopt and use all improvements in cars and machinery calculated to insure safety to employees and passengers, and to discard all insecure and dangerous cars and machinery, or such parts thereof as may be dangerous to use.

SAME.—*Defective Machinery.*—If one employed by a railway company be injured in the performance of his employment, and the company might have known his exposure but for its own want of ordinary care in the use of defective machinery or rolling stock, if the injury resulted from the defective construction of such machinery or rolling stock, such company will be liable for the injury, unless it resulted from the negligence or want of care of the injured person.

From the Vanderburgh Circuit Court.

*A. Iglehart* and *J. E. Iglehart,* for appellant.

*C. Denby* and *D. B. Kumler,* for appellee.

BIDDLE, J.—Elizabeth Valirius, widow of Peter Valirius, and mother and natural guardian of Theodore Valirius, a minor of the age of sixteen years, brought this action for

the alleged wrongful hiring and employing, by the appellant, of the said minor as a brakeman, switch-tender, and coupler of cars, upon said railway, at and about the depot at Evansville, Indiana, which employment was dangerous and hazardous; whereby, from the youth, inexperience, and want of knowledge in said employment on the part of said minor, and by the fault and negligence of the appellant and the company's servants, and on account of the use of cars defective and dangerous in their construction, and without the fault or negligence of the appellee or of the said Theodore, he was injured, by being caught between said defective and dangerous cars, and crushed, of which injury he died.

No question raised upon the pleadings has been brought to this court. We do not, therefore, particularly state them. Issues were formed, a trial by jury had, and a verdict rendered, as follows: " We, the jury, find for the plaintiff, and assess the damages at twelve hundred dollars." In addition to the general verdict, the jury answered special interrogatories, as follows:

" 1. Was Theodore Valirius, at the time of the accident by which he lost his life, in the employ of the defendant?

"Answer. Yes.

" 2. If he was employed by the defendant, in what capacity was he employed?

"Answer. As brakeman and switchman.

" Was not the dangerous construction of the White Line, Continental Line, and National Line cars of such a character as to be readily seen by all the employees of the defendant?

"Answer. No.

" 3. Was he in the discharge of the duties of his employment at the time of the happening of the accident?

"Answer. Yes.

" 4. Was John Folks unskilful or a drunkard?

"Answer. No.

" 5.   Was John Folks drunk at the time of the happening of the accident by which Theodore Valirius lost his life ?

"Answer. No.

" 6.   Was John Folks, at the time of the happening of the accident, a competent or an incompetent engineer ?

"Answer.   A competent engineer.

" 7.   In what did the defect consist, if any, in the construction of the cars by which Theodore Valirius lost his life ?

"Answer.   In the dangerous construction of the bumpers attached thereto.

" 8.   Was not the defect, or dangerous construction of the cars with which the accident happened, open to the inspection of Theodore Valirius before the happening of the accident?

"Answer. No.

" 9.   Was not the dangerous construction of the White Line, Continental Line, and National Line of cars of such character as to be readily seen by all the employees of the defendant ?

"Answer. No.

" 10.   Were the cars, between which Theodore Valirius was injured, the property of the defendant, or the property of other railroad or transportation companies ?

"Answer.   Of other railroad or transportation companies.

" 11.   Were not the cars, between which Theodore Valirius was crushed, before that time brought into the yard of the defendant from the Evansville and Crawfordsville Railroad, or some other railroad, in the usual course of business ?

"Answer. Yes.

" 12.   Were not said cars, at the time of the accident, being prepared for return to the railroad from which they came ?

"Answer. Don't know; the evidence did not indicate their destination.

"13. Did John Jeffries, the switchman in defendant's yard, direct Theodore Valirius, at the time he was riding the car to be coupled to the other car, to stop the car upon which he was riding about three feet from the one to which it was to be coupled?

"Answer. No.

"14. If Theodore Valirius had stopped the car as he was directed, would the accident have happened?

"Answer. He was not directed to stop the car.

"15. Did not George B. Russell, the yard master of the defendant, instruct Theodore Valirius, at the time he passed the switch, not to let the car upon which he was riding strike the other car?

"Answer. No.

"16. If Theodore Valirius had obeyed the instruction of George B. Russell, would the accident have happened?

"Answer. He received no instruction.

"17. Were not cars of similar construction to those between which Theodore Valirius was injured largely used upon railroads in the United States?

"Answer. Yes.

"18. Was there any carelessness or unskilfulness on the part of John Folks in the management of the engine or car attached, which caused or contributed to the happening of the accident by which Theodore Valirius lost his life?

"Answer. No.

"19. Did not the negligence of, and disobedience of orders and disregard of instructions by, Theodore Valirius contribute to the happening of the accident?

"Answer. No.

The evidence is all in the record.

The assignments of error in this court are, in brief, as follows:

1st. Overruling the appellant's motion to strike out certain portions of the complaint;

2d. Overruling the appellant's motion for judgment on the special findings of the jury;

3d. Overruling the appellant's motion for a new trial; and,

4th. Rendering judgment against the appellant on the general verdict.

We will examine the questions in the order they are discussed by the appellant:

1st. It is insisted, that the overruling of appellant's motion to reject a portion of the complaint is erroneous, and that, as the motion was in writing, it was not necessary to save the question by a bill of exceptions, to present it to this court. The practice is settled otherwise. Even when a pleading has been struck out on motion, a bill of exceptions is necessary to bring it back into the record. *Strough* v. *Gear*, 48 Ind. 100; *Watts* v. *Coxen*, 52 Ind. 155. A motion to strike out need not be in writing. *Swinney* v. *Nave*, 22 Ind. 178. It would not be a safe general rule to commit the rights of the parties, or the judicial action of a court, to the entry of a clerk, especially when there is no record or writing to guide him. The fact that, in this instance, the motion was in writing, will not take it out of the general rule. Besides, the overruling of a motion to strike out surplusage is not a substantial error, that will reverse a judgment. *Dill* v. *O'Ferrell*, 45 Ind. 268; *Scott* v. *The Indianapolis Wagon Works*, 48 Ind. 75; *Board of Comm'rs, etc.*, v. *McClintock*, 51 Ind. 325. As to what constitutes a part of the record without a bill of of exceptions, see *Matlock* v. *Todd*, 19 Ind. 130; *Vanderkarr* v. *The State*, 51 Ind. 91; *Horn* v. *Bray*, 51 Ind. 555.

2d. The appellant claims that the complaint is good only as charging negligence upon the defendant in employing an incompetent and drunken engineer, knowing him to be such, by whose incompetency and drunkenness the injury complained of occurred; and that, as this part of the

complaint was negatived by the special findings, the court should have rendered judgment in favor of the appellant, notwithstanding the general verdict.

It seems to us, that there are other substantial allegations of fault, negligence and carelessness averred in the complaint, besides the employment of an incompetent engineer, as the wrongful hiring of the minor, the dangerous and hazardous employment in which he was engaged, unfitted for a youth of his age, without skill or experience, the use of cars defective and dangerous in their construction, which defective and dangerous character was unknown to the employee, and could not be readily discovered, and that he received no instructions as to his duties, several of which are affirmed by the special findings, and all covered by the general verdict. And we can perceive no inconsistency between the general verdict and the special findings. It is only necessary for a plaintiff to prove as many of the facts alleged by him as amount to, or constitute, a cause of action. *Long* v. *Doxey,* 50 Ind. 385.

3d. The defendant, at the proper time, asked the court to instruct the jury, as follows:

" If the jury find from the evidence that the dangerous construction of the cars by which Theodore Valirius was injured was of such a character as to be open to his inspection and knowledge equally with the defendant, they can not find against the defendant, upon the ground that the cars of that construction were used by the defendant."

But the court altered said instruction, and read it to the jury as follows:

" If the jury find from the evidence that the dangerous construction of the cars by which Theodore Valirius was injured was of such a character as to be open to his inspection and knowledge, and that he had sufficient knowledge and experience to know and understand the danger, then they can not find against the defendant, upon the

ground that the cars of that construction were used by the defendant."

In thus modifying the instruction requested, the appellant is of the opinion that the court erred. The instruction, as refused, seems to be based upon the ground that the person injured was of adult age, experienced in the employment in which he was engaged, and capable of judging of the dangerous construction of the cars, of his own knowledge, by inspection—indeed, the appellant seems to have placed his whole argument in the case upon the same ground—but, in view of the evidence tending to show the youth of the deceased, his inexperience and lack of instruction in the employment, and his incapacity to judge of the character of the cars, we think the modification of the instruction, before it was given to the jury, was proper; for the person employed could be held to no higher degree of intelligence and capacity than his youth, inexperience and want of judgment, as known to his employers, would warrant. *Cayzer* v. *Taylor*, 10 Gray, 274; *Lovett* v. *Salem, etc., R. R. Co.*, 9 Allen, 557; *Birge* v. *Gardner*, 19 Conn. 507; *Mangam* v. *The Brooklyn R. R. Co.*, 38 N. Y. 455; *Smith* v. *O'Connor*, 48 Pa. State, 218; *The North Pennsylvania R. R. Co.* v. *Mahoney*, 57 Pa. State, 187; *Kerr* v. *Forgue*, 54 Ill. 482.

4th. The appellant's counsel state in their brief, that:

" In the course of the argument, counsel for defendant read from the opinion of the court in *Wright* v. *New York Central Railroad Co.*, 25 N. Y. 564, five propositions defining the relations and liabilities of masters to servants, and insisted to the court, and in the hearing of the jury, that these propositions were a correct exposition of the law.

" The court read to the jury, as instructions, four of these propositions, but omitted the fifth, the only one that had any material bearing upon the controverted point here. And this is complained of and assigned for

error, and, whether available as such or not, is important upon the general fairness or unfairness of the charge."

But we are unable to discover, in any part of the record, where the appellant reserved the question. It nowhere appears, as far as we can see, that the appellant ever requested the court to give the fifth proposition, of the refusal of which he complains, as an instruction to the jury.

5th. The following instructions were given by the court to the jury on the request of the appellee, and excepted to by the appellant:

"1. It is negligence to use cars dangerous in their construction, when there are others to be secured which are not dangerous; and railroad companies are bound to procure the best, otherwise they must be held responsible."

We can not hold this instruction as incorrect. The same rule, in reference to spark-arresters, was laid down by this court, in the case of *The Toledo, etc., R. W. Co. v. Wand*, 48 Ind. 476, and we think fully sustained by the authorities. *Smith* v. *The New York, etc., R. R. Co.*, 19 N. Y. 127; *Hegeman* v. *The Western R. R. Corporation*, 13 N. Y. 9.

"3. It is a fact, if proved, tending to show gross negligence in a railway company, to employ any inexperienced person, knowing such person to be ignorant of the business for which they are employed, in any hazardous and dangerous business, unless said company make known and explain fully the hazard and danger connected with such business, and instruct such person how to avoid the danger. That youth is an evidence of inexperience, and greater strictness of the rule should be required in the employment of minors than in those of mature years, even when employed by and with the consent of the parent or guardian.

"4. That the use and employment of unsafe and defective cars and machinery by a railway company, whether

owned by them or not, submits said company to the same liability for injury resulting from their use, when injury is occasioned by such defects, as though the company were the absolute owners of such cars and machinery. It is the imperative duty of railway companies to adopt and use all improvements in cars and machinery calculated to insure safety to employees and passengers, and to discard all insecure and dangerous cars and machinery, or such parts thereof as may be dangerous to use.

"7. If the railway company might have known the exposure of the servant (Valirius), but for its own want of ordinary care in the use of defective machinery or rolling stock, if injury result from defective construction of such machinery or car, the master or company is liable for the injury, unless the injury resulted from the want of care, or negligence, of the injured party."

The above instructions, in our judgment, were properly given to the jury. The following authorities will fully and fairly sustain us in this view: *Long* v. *Doxey*, 50 Ind. 385; *Philadelphia City, etc., R. W. Co.* v. *Hassard*, 75 Pa. St. 367; *The East Saginaw City R. W. Co.* v. *Bohn*, 27 Mich. 503; *Railroad Co.* v. *Gladmon*, 15 Wal. 401; *Haycroft* v. *The Lake Shore, etc., R. W. Co.*, 2 Hun, 480; *Costello* v. *The Syracuse, etc., R. R. Co.*, 65 Barb. 92; *Warner* v. *Railroad Co.*, 6 Philad. 537; *Carter* v. *Towne*, 98 Mass. 567; *Gilman* v. *Eastern R. R. Co.*, 10 Allen, 233; *Gilman* v. *Eastern R. R. Co.*, 13 Allen, 433; *Snow* v. *Housatonic R. R. Co.*, 8 Allen, 441; *Johnson* v. *The Hudson River R. R. Co.*, 20 N. Y. 65; *Wolfkiel* v. *The Sixth Avenue R. R. Co.*, 38 N. Y. 49; *Gaynor* v. *Old Colony, etc., R. W. Co.*, 100 Mass. 208; *Bartonshill Coal Co.* v. *Reid*, 3 Macq. Ap. Cas. 266; *Hill* v. *Gust*, 55 Ind. 45.

6th. It is earnestly insisted by the appellant, that the evidence is insufficient to sustain the general verdict or special findings; but it is admitted, in the brief on behalf of the appellant, that:

"The plaintiff's testimony, other than the formal proof,

shows, that the boy Theodore was a boy fifteen and a half years old, young in appearance, but a lad of more than ordinary intelligence and sprightliness.

" That he was living at his mother's house, and that he was away from home from time to time, but that his mother was not aware of his employment by the railway company until he was brought home from the station in a dying state. He died from having been crushed between the bumpers of the railway cars—freight cars. That Theodore had never been engaged in any employment of a railroad before."

Upon some other points the evidence is conflicting, but we believe that the main current is with the verdict and the findings; at least an opposite verdict and different findings upon the same evidence would have been less satisfactory than they are as they now stand; and there is nothing to show us, that upon another trial the result would probably be different. When such a case is once decided, it must be held as settled, though it may not be in all respects completely satisfactory. *The Mutual, etc., Insurance Co.* v. *Cannon*, 48 Ind. 264.

The judgment is affirmed.

Petition for a rehearing overruled.