Filed May 1, 1891.

———◆———

No. 157.

## The Pennsylvania Company v. Zwick.

RAILROAD.—*Killing Stock.—Fencing Track.—Pleading.—Answer.—Demurrer.*
   —In an action for the killing of plaintiff's cow which had entered upon the defendant's railroad track, where the track ought to have been se-curely fenced but was not, an answer setting up matters of evidence from which it might be inferred that it could not have been fenced without interfering with the rights of the public, or the free use of the tracks by the company or jeopardizing the safety of its servants, but without alleging any issuable facts to that effect, is demurrable

PLEADING.—*Only Ultimate Facts to be Pleaded.*—Where facts are sufficiently

pleaded it is the duty of the court to proclaim the law applicable to them, and declare the rights and liabilities of the parties upon such facts. But it is the office of pleading to assert ultimate or issuable facts, which alone can call into exercise the functions of the court to make the application of the law, and not mere matters of evidence from which such facts may be inferred.

From the Bartholomew Circuit Court.

*S. Stansifer*, for appellant.

*J. C. Orr*, for appellee.

CRUMPACKER, J.—Zwick sued the Pennsylvania Company under the statute for killing a cow in Bartholomew county, which entered upon the railroad track and was killed, at a point where the company's railroad ought to have been securely fenced but was not.

An answer in one paragraph was filed to the complaint, and a demurrer was sustained thereto and the appellant excepted, and refusing to further plead judgment was rendered in favor of the appellee for the value of the cow.

The only error assigned here is in sustaining the demurrer to the answer. The answer is as follows:

" The defendant, for answer, says that said cow got on the track of defendant's railroad and was killed within the corporate limits of the town of Taylorsville; that the Madison and Indianapolis Railroad Company, owning the railroad running north and south through said town, and the Jeffersonville Railroad Company, owning another railroad running parallel with and fifty-six feet east from the other road through said town, the said two companies, more than ten years ago, consolidated and became one corporation to own and operate said two railroads by the name of the Jefferville, Madison and Indianapolis Railroad Company, and immediately thereafter the owner-company took up the track of the Madison and Indianapolis Railroad, except in and through said Taylorsville, and said track in said town is used in switching and storing cars for the business of Taylorsville of defendant, who is lessee of said railroad; that a

street crosses said railroad about the center of said town, and the depot of said railroad is on said street, between said two tracks; that said old track extends south from said street 949 feet; on the main track there is a cattle-guard 825 feet south of said street, and from it south said main track is securely fenced, the fence on the west side of the main track, next to the old track, being twenty-six feet therefrom, and the main and said old track are not otherwise fenced from said street south. About midway between said street and cattle-guard a connecting track puts out from said old track and connects with the main track at said cattle-guard, which connecting track is used in transferring cars to and from said main track and old track, and that part of said old track south of the north end of said connecting track is and has been all the time used for storing cars thereon, to be loaded and unloaded, and to stand there until removed therefrom in the course of defendant's business at said Taylorsville. There is a way along the west side of said old track all the way, used all the time by the public and for loading and unloading cars on said old track. Said cow got on said track and was killed north of said cattle-guard. She got on from the west side of said old track, at some point between said street and the south end of said old track. A map of the locality is as follows: "

Then follows a diagram showing the location of the station-house, tracks, switches, etc.

We are not favored with a brief upon the part of the appellee, but infer from the argument of appellant's counsel that the trial court held the answer insufficient, because it did not aver that the railroad could not have been fenced at the point where the cow entered upon it without interfering with the rights of the public, or the free use of the tracks, switches and station ground by the appellant, or jeopardizing the safety of servants engaged in operating the railroad.

It is insisted very earnestly on behalf of appellant that all of these facts are deducible from the facts contained in the

answer, and that it is the duty of this court to make such deductions and pronounce the law upon the facts thus ascertained.

Where facts are sufficiently pleaded it is the duty of the court to proclaim the law applicable to them, and declare the rights and liabilities of the parties upon such facts. But it is the office of pleading to assert ultimate or issuable facts, which alone can call into exercise the function of the court to make the application of the law, and not mere matters of evidence from which such facts may be inferred.

It is sometimes quite difficult to distinguish between issuable facts and evidential facts, but we are embarrassed by no such difficulty in determining the quality of the matter contained in the answer in this case, for it is plainly apparent that the greater portion of it consists of mere recitals of evidence.

It is an elementary rule of common law pleading, universally recognized and applied, that pleadings must contain ultimate facts, and not evidence, and this rule became and is a part of our system of code pleading. *Avery* v. *Dougherty*, 102 Ind. 443; *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 40; *Allen* v. *Frazee*, 85 Ind. 283; *Boyd* v. *Olvey*, 82 Ind. 294; Bliss Code Pleading, section 206.

It is occasionally the function of this court to draw inferences from items of evidence and declare the law upon the inferences thus drawn, but that function never can be called into action where the question relates to the sufficiency of pleading, however conclusive the evidential or probative facts may be.

In this case the demurrer admitted the truth of only such facts as were correctly contained in the answer, and in estimating the legal force of the answer all matters of evidence must be eliminated from it.

Our conclusion is that, purged of the mere recitals of evidence, the answer fails in several essential particulars to state

a cause of defence. and the demurrer to it was rightly sustained.

The judgment is affirmed, with costs.

Filed May 2, 1891.