## OUTING KUMFY-KAB COMPANY v. IVEY.

[No. 10,050.    Filed December 12, 1919.    Rehearing denied May 14, 1920.    Transfer denied December 1, 1920.]

1. PLEADING.—*Averment of Fact.*—In an employe's action for salary an allegation in the complaint that defendant corporation "took over all the assets and assumed all the liabilities" of the partnership which originally employed plaintiff, is the averment of an ultimate fact.   p. 290.

2. PLEADING.—*Office of.*—*Assertion of Ultimate Facts.*—The office of a pleading is to assert ultimate or issuable facts, which alone can invoke the function of the court to make the application of law, and not mere matters of evidence from which the ultimate facts may be inferred.   p. 290.

3. APPEAL.—*Review.*—*Overruling Motion to Make Complaint More Specific.*—In an employe's action for salary against a corporation which succeeded to the business of a partnership originally employing him, a motion to make more specific allegations in the complaint that the corporation "took over all the assets and assumed all the liabilities," of the partnership, that the corporation "took over all the contracts" of the partnership, and the "defendant assumed and agreed to pay plaintiff for his services" in his employment, was properly overruled as seeking the averment of mere evidentiary facts.   p. 290.

4. APPEAL.—*Review.*—*Overruling Motion to Make Complaint More Specific.*—It was proper for the trial court to overrule a motion to make the complaint more specific in so far as based on a specification seeking to require an averment of fact peculiarly within defendant's own knowledge.   p. 290.

5. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion to Strike Out.*—Even though words in a complaint are mere surplusage, overruling a motion to strike them out does not constitute reversible error. p. 290.

6. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—*Scope of Review.* —On an appeal from a judgment for plaintiff in a cause of action wherein the right to recover was predicated on an oral contract, the most that can be required of the court on appeal, in determining the sufficiency of the evidence to establish the existence of the alleged contract, is to determine whether there is evidence tending fairly to prove that contract. p. 291.

7. CORPORATIONS.—*Contract of Employment Made Before Incorporation.*— *Ratification.*— Where a partnership which had planned to incorporate employed plaintiff, and one partner knew of negotiations which the other was conducting with plaintiff to hire for the corporation and the officers and board of directors, which consisted of the partners and the other stockholders, permitted plaintiff to remain in his position after the incorporation of the company, and accepted his services, his contract of employment was ratified by the corporation. p. 291.

8. APPEAL.—*Review.*—*Pleading.*—*Proof.*—*Variance.*—Where an inventor of an article entered into the employment of the company which was to manufacture it under an agreement that he was to receive a stipulated salary and royalties, and, after a breach of the contract by the company, he sued only for wages, proof of the contract as to both salary and royalties did not constitute a fatal variance between allegation and proof. p. 292.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Glen Ivey against the Outing Kumfy-Kab Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. A. McVey, H. B. McLane* and *Sutherland & Smith,* for appellant.

*E. E. Weir* and *Darrow & Rowley,* for appellee.

This action was tried on appellee's amended complaint. The substance of so much of the complaint as is essential to an understanding of the questions presented by this appeal is as follows:

"That Rheinhardt H. Brown and Emmet Scott were engaged in the manufacture of collapsible sulkies and baby carriages, at the times hereinafter mentioned. That on February 17th, 1915, the plaintiff entered into an oral agreement with Brown & Scott, by the terms of which Brown & Scott agreed to employ the plaintiff, and the plaintiff agreed to work for said Brown & Scott in their factory. That after the plaintiff entered the employment of Brown & Scott and while engaged in the performance of said contract, Brown & Scott and their associates organized the defendant company, viz., the Outing Kumfy-Kab Company, a corporation, which company took over all the assets and assumed all the liabilities and contracts of said Brown & Scott as related to said factory and manufacturing business. That on the 18th day of February, 1915, plaintiff entered upon his duties as superintendent of the assembling department in said factory, as per his said contract, aforesaid, and continued his said services uninterruptedly until the 14th day of March, 1916, when the defendant discharged the plaintiff because he demanded of the defendant a balance of the salary he had earned, and other rights theretofore agreed upon, and without any other cause whatever. 'That the defendant assumed and agreed to pay the plaintiff for his services in his said employment, and the plaintiff agreed to accept therefor, the sum of one hundred twenty-five ($125) dollars per month and other considerations not herein sued upon. That the defendant has paid the plaintiff the sum of $72.00 per month, and has refused to pay the balance due him of $53.00 per month; and that there is due the plaintiff for his services in addition to the sums already paid him by the defendant the further sum of $690.00, which is wholly unpaid. That the plaintiff has performed all of the things by him agreed to be performed."

Appellant moved the court to require appellee to make

his amended complaint more specific and definite by setting out the facts, if any, to support each of the following conclusions, viz.:    (1)  That the Outing Kumfy-Kab Company took over all the assets and assumed all the liabilities of Brown and Scott;  (2)  that the Outing Kumfy-Kab Company took over all the contracts of Brown and Scott;  (3)  that the defendant assumed and agreed to pay the plaintiff for his services in said employment, and also by setting out the date upon which the defendant assumed the contracts of Brown and Scott.

Appellant moved the court to strike from the complaint the words "and other considerations not herein sued upon," for the reason that said words are surplusage and tend to confuse the issues.

Each motion was overruled, and thereupon appellant filed answer in general denial.

Appellant requested the court to submit to the jury seventy-seven interrogatories, seven of which the court refused to submit.   When all the evidence had been introduced, appellant moved the court to give the jury a peremptory instruction to return a verdict in its favor, which motion was overruled.   Verdict for appellee in the sum of $689.   Appellant moved for judgment in its favor on the answers to the interrogatories notwithstanding the verdict, which motion was overruled. Judgment on the verdict.   Motion for new trial overruled.

The following errors are assigned:   The court erred in overruling (1) the motion to require the appellee to make his amended complaint more specific; (2) the motion to strike out part of the amended complaint; (3) the motion for judgment on the answers to the interrogatories notwithstanding the verdict; (4) the motion for a new trial.

DAUSMAN, J. (after making the foregoing statement) : (1) The averment that the appellant "took over all the assets and assumed all the liabilities of Brown & Scott" is the averment of an ultimate fact. Thayer, Evidence, ch. V.; *Muser* v. *Robertson* (1883), 17 Fed. 500. Perhaps it might properly be called a conclusion of fact, for it is to be determined from the evidential facts. *Caywood* v. *Farrell* (1898), 175 Ill. 480, 51 N. E. 775. The office of a pleading is to assert ultimate or issuable facts, which alone can invoke the function of the court to make the application of the law, and not mere matters of evidence from which the ultimate facts may be inferred. *Pennsylvania Co.* v. *Zwick* (1890), 1 Ind. App. 280, 27 N. E. 508; Watson, Rev. Works' Prac. §339. By the first three specifications of the motion to make more specific, appellant sought to require the appellee to aver in his complaint mere evidential facts; and by the fourth specification appellant sought to require the averment of a fact which is peculiarly within its knowledge. The motion to make more specific was properly overruled.

(2) If it be conceded that the words which appellant sought to have stricken from the complaint constitute mere surplusage, even then the overruling of the motion to strike out does not constitute reversible error. *Dill* v. *O'Ferrell* (1873), 45 Ind. 268; *Scott* v. *Indianapolis Wagon Works* (1874), 48 Ind. 75; *Board, etc.* v. *McClintock* (1875), 51 Ind. 325; *St. Louis, etc., R. Co.* v. *Valirius* (1877), 56 Ind. 511; *Hay* v. *State ex rel.* (1877), 58 Ind. 337; *Stevens* v. *Tucker* (1882), 87 Ind. 109; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Illinois, etc., R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641; *Grass* v. *Ft. Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 81 N. E. 514.

(3) The answers to the interrogatories are not inconsistent with the verdict.

(4) We are asked to determine whether the evidence is sufficient to prove the alleged oral contract. It is the theory of the Code of Civil Procedure that appel-

**6.** late tribunals shall not be required to determine questions of fact from conflicting evidence, and that on appeal only questions of law shall be presented. §696 Burns 1914, §655 R. S. 1881; Elliott, App. Proc. §854. The utmost that can be required of this court is to determine whether there is evidence tending fairly to prove that contract. 1 Works' Prac. §916; *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219, 75 N. E. 283. When that portion of the evidence which is favorable to appellee on this point is considered alone, it is apparent that the existence of the contract is a legitimate conclusion to be drawn therefrom. That satisfies the rule, and we will look no further.

Under the averments of the complaint it was not necessary to prove an express agreement between the corporation and Brown and Scott, whereby the for-

**7.** mer assumed Ivey's contract with the latter. The undisputed evidence shows that long before the agreement was made with Ivey, negotiations were being conducted between Brown and Scott looking to the formation of a company for the manufacture of carts. About February 1, 1915, the negotiations culminated in an agreement to form a corporation. The articles of incorporation were signed March 6, 1915, filed in the office of the secretary of state March 9, 1915, and recorded March 16, 1915. The delay in perfecting the organization of the corporation was occasioned by the inability of their attorney to attend to the matter. In the meantime the business was conducted as if the corporation were actually in existence. The men were preparing the factory for operation, and Ivey was there

at work from February 18, 1915. Scott knew of the negotiations Brown was conducting with Ivey. Brown testified that he hired Ivey on February 17, 1915, and stated that he thought he hired him for the corporation. Mr. Scott was made president and general manager; Brown, superintendent; McCarver, treasurer; Mrs. Scott, vice-president and secretary. These persons were the only stockholders and they composed the board of directors. They permitted Ivey to remain in his position and accepted the benefit of his services. Under these circumstances Ivey's contract was ratified, rather than assumed. *Whitney* v. *Wyman* (1879), 101 U. S. 392, 25 L. Ed. 1050; *Stanton* v. *New York, etc., R. Co.* (1890), 59 Conn. 272, 22 Atl. 300, 21 Am. St. 110. The jurors were correctly instructed on this feature, and the distinction between ratification and assumption is immaterial now.

All other alleged errors will be considered together, for the reason that they all relate to one ultimate controversy. The complaint itself suggests that 8. there is something more in the oral contract than that which relates to services and wages. At the trial appellee gave his version of the whole contract. He testified that he was the inventor of a collapsible baby carriage, and that the contract he made with Brown and Scott was to the following effect: That Brown and Scott would proceed to organize a corporation for the purpose of manufacturing the carriage, would furnish the capital necessary therefor, would give appellee employment in the factory at $125 per month, and would pay him a royalty on each carriage sold. There is evidence showing that the corporation has been manufacturing and selling the carriage. Appellant insists, therefore, that there is a fatal variance between the proof and the allegations of the complaint, and invokes the old rule that a party must recover according

to the allegations and the proof or not at all. Certain provisions of our Code of Civil Procedure have greatly depreciated the value of that rule; but, whatever it may be worth, it was not violated in the case at bar. There is no variance; for the evidence tends to prove the contract exactly as alleged—and more. Nor is there a failure of proof; for indeed the real controversy arises out of the fact that there is a superabundance of proof.

Counsel for appellant say: "If appellee had any special contract with appellant it was to the effect that in consideration of a grant by him of a license to appellant to manufacture and sell his semicollapsible baby carriage, and his labor in perfecting the same, appellant agreed to pay him $125.00 per month, together with a royalty on each carriage made, and to provide capital to push its manufacture. * * * The facts being so, appellee sued upon the contract but did not plead it truly, did not plead all of it, left out all but the part whereby for his labor he was to receive $125.00 a month."

That statement discloses that the real cause of appellants' discomfiture is the fact that Ivey has split his cause of action. Instead of suing for both wages and royalty, he has sued for wages only. By so doing he has taken upon himself the risk of having to meet a plea of former adjudication in any future action for the recovery of royalties. Van Fleet, Former Adjudication ch. V. If he should institute such an action, appellant will then have its opportunity properly to present the contention it is improperly presenting now.

In view of the conclusion we have reached, we would not be justified in discussing the instructions in detail. They are full and fair, and we cannot refrain from saying that for clearness of thought and accuracy of expression they are commendable.

Judgment affirmed.