THE ATLANTIC REFINING COMPANY, a corporation of the State of Pennsylvania, *v.* INGALLS & COMPANY, INC., a corporation of the State of Delaware.

(*July* 1, 1936.)

LAYTON, C. J., and HARRINGTON, J., sitting.

*James M. Tunnell* for plaintiff.

*Caleb R. Layton, 3d,* for defendant.

Superior Court for Sussex County, Action on a Contract of Guaranty, No. 52, June Term, 1935.

HARRINGTON, J., delivering the opinion of the Court:

This case is before us on a demurrer to the plaintiff's declaration, and involves the determination of whether it states a cause of action against the defendant company.

A corporation necessarily acts through its agents, but, as a general rule, it is sufficient to merely allege that

the acts on which a plaintiff's cause of action against it is based were the acts of the corporation, and it is not necessary to allege that they were done through its authorized agents. *Buffalo Lub. Oil Co. v. Standard Oil Co.*, 42 *Hun* (*N. Y.*) 153, 154; *Mechanics' Banking Asso. v. Spring Valley, Etc., Co.*, 25 *Barb.* (*N. Y.*) 419; 9 *Fletcher on Corporations* (*Per Ed.*), § 4518; 5 *Ency. Pl. & Pr.* 92.

This is because the real ultimate issue to be determined is the liability of the corporation, and such facts would merely tend to support the plaintiff's claim, and would, therefore, merely be evidential in their nature. See *Outing Kumfy-Kab Co. v. Ivey*, 74 *Ind. App.* 286, 125 *N. E.* 234.

In *Greenspon's Sons Iron & Steel Co. v. Pecos Valley Gas Co.*, 4 *W. W. Harr.* (34 *Del.*) 567, 156 *A.* 350, 352, this court, in considering the powers of the president of a corporation, said: "Without special authority or explicitly delegated power he [the president of a corporation] may perform all acts of an ordinary nature which by usage or necessity are incidents to his office and by virtue of his office he may enter into a contract and bind his corporation in matters arising from and concerning the usual course of the corporation's business."

In considering the same question, Mr. Fletcher in his work on *Corporations* (*Per. Ed.*), *Vol.* 2, § 559, says: "The rule so often stated that the president has very little or no authority merely by virtue of his office, that he has no powers other than those delegated him by the Board of Directors, or otherwise expressly conferred upon him, that he has no more authority than any director etc.  *  *  *  is gradually being supplanted by the more reasonable view that he has certain more or less limited powers merely by virtue of his office, or, at least, that there is a presumption that such authority exists in case of the ordinary routine

business of the corporation." See, also, 2 *Flet. on Corps.* (*Per. Ed.*), § 558.

■ Depending somewhat on the nature and character of the corporate business, or on whether by continued and repeated conduct (*Greenspon's Sons Iron & Steel Co. v. Pecos Valley Gas Co., supra*), the principles of the law of estoppel apply, there may, perhaps, be occasional cases requiring the application of a different rule, but in most cases it is, therefore, clear that the president of the ordinary business corporation has no implied or presumed authority to bind it by a mere contract of guaranty, in which it has no apparent interest. *Hall v. Auburn Turnpike Co.*, 27 *Cal.* 255, 87 *Am. Dec.* 75; *Allis-Chalmers Mfg. Co. v. Citizens' Bank & Trust Co.* (*D. C.*), 3 *F.* (2d) 316; *Williams v. Bank*, 221 *Mo. App.* 887, 289 *S. W.* 34; 2 *Fletcher on Corporations* (*Per. Ed.*), § 613.

This latter principle is applicable to this case as no facts are alleged that can possibly bring it within any exceptions to the general rule.

■ The plaintiff's declaration not only alleges, in substance, that the defendant corporation, in writing, guaranteed the payment of the plaintiff's debt for any fuel oil that might be sold and delivered by it to Delaware and Chesapeake Steamship Company, but it attached to that declaration the letter referred to in the statement of facts signed "Ingalls & Company, Incorporated, by Percy Ingalls, President."

The statements in this letter are, therefore, as much a part of the declaration as though they had been incorporated as express allegations in it; and applying the usual rule that every inference is against the pleader we must conclude that the guaranty declared on was merely made by Percy Ingalls as President of the Corporation, and with-

out any express authority from that corporation. That being true, for the reasons already pointed out, the declaration does not set out a cause of action against the defendant.

The plaintiff's attorney, also, concedes that its allegations do not comply with the law applicable to continuing guaranties.

The defendant's demurrer is sustained.