## JAMES R. WOLFKEIL, v. THE SIXTH AVENUE RAIL-ROAD COMPANY.

*Conflict of Evidence—Negligence—Question for Jury.*

On an issue of negligence, it is a matter of right on the part of the Plaintiff to have the facts submitted to a jury, where there is conflicting evidence on the question of negligence, or where the fact of negligence is to be inferred from a variety of circumstances.

The fact that an intelligent Judge, who tried the case, regarded it as within the above rule, is to the Appellate Court some evidence that it was a question for the jury.

MASON, J.—The Appellant presents a single question in this case for the consideration of this Court, and that is, whether the Judge upon the trial was justified in submitting the question of negligence to the jury?

The Defendants claim that he was not, but on the contrary, should have nonsuited the Plaintiff.

In actions of this kind the negligence of the Defendants is the gist of the action; but the absence of negligence on the part of the Plaintiff is essential to the maintenance of the action.

The first question to be considered in this case is, whether, upon the evidence in the case, the driver of this car was guilty of negligence, to the injury of the Plaintiff.

The undisputed evidence in the case shows that the Plaintiff and the witness Benson were coming down Twenty-ninth street, from towards Broadway, to the Sixth Avenue, to take a car on their way down to Bleecker street. This was in August, 1859, and between nine and ten o'clock in the evening. As they approached the Sixth Avenue, they saw a one-horse car going down, and Benson hailed the car, and it stopped, and they being one or two doors from the Avenue, hastened to get on. These men, Benson and the Plaintiff, were in company and together.

Benson got upon the front seat of the car, and the Plaintiff, in attempting to follow, and while in the act of getting on, was in-

jured by the wheel of the car running over his foot and smashing it badly.

The evidence shows that there are seats outside and in front upon these one-horse cars, upon which the Defendants are accustomed to receive passengers, and allow them to ride.

The evidence on the part of the Plaintiff tended to show that the car was standing still when Benson got on, and when the Plaintiff started to get up, and that it started after he had got partly up.

The driver swears that he did not hear Benson hail the car, and yet the fact that he did hear it is abundantly proved; and there is a singular coincidence between the hailing of the car by Benson, and the stopping of it by the driver long enough for Benson and the Plaintiff to pass two doors on Twenty-ninth street, and for Benson to have time to get on the car before it started.

The jury might very well have said that this coincidence was stronger that the driver did hear Benson hail the car, than the driver's statement that he did not hear him.

Now, the first the driver claims to know anything of Benson was when he got up on the front of the car by him, and the first that he claims to know anything about the Plaintiff was after he was run over. Now this may be true, but I strongly suspect that the jury have found it not to be true. The driver himself says, that when he felt the jar of the car, he said to Benson, " *Was there a friend of yours with you ?* "

This is, to my mind, very significant evidence in the case. Why should this driver, just as he felt the jar of this car running over something, inquire of Benson as to his companion, the Plaintiff ?

Now, I say, from the evidence in the case, the jury might very well have found that this driver heard Benson hail the car, and that he saw the Plaintiff, in company with Benson, approaching, to get upon the car, and that he stopped his car for that purpose, and waited for Benson to get on, and did not start his car until the Plaintiff had started to get upon the front seat.

If the driver did know that Benson and the Plaintiff had

approached to get upon the car, and he stopped for this purpose, then he was negligent in not giving some attention to the matter. He should have looked to see that the Plaintiff was not in a dangerous attitude before he started his car. I concede that there was evidence given by the Defendant, from which the jury might have found these issues in favor of the Defendant.

The jury might have found that the car had started and was in motion when the Plaintiff started to get upon it.

The strength of the evidence, however, is that the car was standing when he started to get up.

I have said enough, in regard to the evidence in this case, to show that it was a case for the jury, and not the Court, to decide.

The rule is well settled in this Court, that it is a matter of right in the Plaintiff to have the issue of negligence submitted to the jury, when it depends upon conflicting evidence, or on inferences to be deduced from a variety of circumstances, in regard to which there is room for fair difference of opinion among intelligent men (Ernst *v.* Hudson River Railroad Company, 35 N. Y. R. 10). This case, in my judgment, falls within the rule.

The fact that the intelligent Judge who tried this case, regarded it as a case falling within this rule, is some evidence to us that it is of that class.

The fact that the General Term who reviewed this trial so regarded it, is some evidence upon this subject, especially as their opinions are based upon evidence, without any dispute as to the law. These opinions of the Judges in the Court below are not controlling with this Court, of course, but they are very proper to be considered in forming our opinions.

If this driver heard Benson hail the car, and seeing him and the Plaintiff approaching, stopped his car to receive them, and started his car again while the Plaintiff was getting on in front, there can be but little doubt that the Defendants are chargeable with negligence. It was the duty of the driver to look to it and see if they had got on before he started his car.

This was quite as much his duty as the making of change, with which he claims he was engrossed at the time.

He should have found time to do both.

If the Plaintiff attempted to get upon the front of this car while it was in motion, he was negligent and cannot recover. If, however, the car had stopped, and was standing when he started to get upon it, he was not negligent, for he had no right to suppose that the driver would start the car while he was in the act of getting on it in front.

The jury have found that the car was standing, else they could not have found for the Plaintiff, and there certainly is evidence in the case from which they may well have so found.

The jury have also found that the driver was negligent, and we have seen that there was evidence upon which this fact might be found.

There was an exception taken by the Defendants' counsel, upon the trial, to the rejection of evidence offered by the Defendants, but it is not insisted on here; and besides, it was properly rejected. Benson's statements, made out of Court, were no evidence against the Plaintiff, and they were not admissible to impeach Benson, for the reason that no foundation was laid for such evidence. Benson was in no manner inquired of as to such conversation.

The views above expressed lead to the conclusion that this judgment should be affirmed, which I advise to be done.

All affirm.

<div align="right">

JOEL TIFFANY,
State Reporter.