## HILL ET AL. *v.* GUST, BY HIS NEXT FRIEND, GUST.

| 55 | 45 |
|---|---|
| 134 | 472 |
| 55 | 45 |
| f171 | 404 |

MASTER AND SERVANT.—*Negligence.—Hazardous Employment.*—In an action by an employee, against his employer, to recover damages for injuries suffered by the former, whilst in the employment of the latter, one paragraph of the complaint alleged, that the defendant, being a contractor engaged in the construction of a railroad, employed the plaintiff, a minor, of the age of but fifteen years, to assist in certain non-hazardous work; but, that the defendant, without giving to the plaintiff sufficient caution, warning or instruction, placed the latter in control of a wild, fractious and ungovernable horse, in a narrow, unsafe and dangerous space between two trains of cars, moved by steam-power in opposite directions, upon a high embankment; and that the plaintiff, whilst exercising due care and engaged in such hazardous employment, was thrown beneath and injured by one of said trains of cars.

*Held,* on demurrer for want of sufficient facts, that the paragraph was sufficient.

SAME.—*Contributory Negligence.—Duty of Employer.*—Where an employer places an employee of tender years, at work, in a dangerous place, the former is bound to give to the latter due caution and instruction. And if the employee, whilst so employed, be injured, the fact that he could, by the use of his eyesight, have seen that such place was dangerous, is not sufficient evidence to hold such employee accountable for contributory negligence in causing such injury:—the question of negligence being one for the jury to determine from all the facts.

PRACTICE.—*Pleading.*—It is not error to sustain a demurrer to a paragraph of a pleading, amounting only to an argumentative denial.

SAME.—*Evidence.*—*Impeaching Question.*—A question asked a witness, for the purpose of laying the ground to impeach him by evidence that he has made statements, out of court, different from testimony he has given as such witness, must clearly state the time when, the place where, and the person to whom the statements in question were made.

SAME.—*Supreme Court.*—*Weight of Evidence.*—On appeal, the Supreme Court will not disturb the verdict of a jury upon the mere weight of evidence.

From the St. Joseph Circuit Court.

*J. Van Arman, M. K. Farrand* and *A. Anderson,* for appellants.

*L. A. Cole* and *W. H. Calkins,* for appellee.

BUSKIRK, J.—This was an action, by the appellee, against the appellants, as contractors in the construction of the Chicago and Canada Southern Railroad, to recover damages from them for their alleged careless, negligent and wrongful acts, whereby the appellee lost one of his legs, and was otherwise permanently disabled.

The action was commenced in the Laporte circuit court, and the same changed to the St. Joseph circuit court. There have been two trials of the cause. The first was had upon a complaint containing but one paragraph, which resulted in a verdict for the appellee, in the sum of three thousand five hundred dollars. A new trial was granted. Before the second trial, the appellee, upon leave granted, filed a second paragraph. The second trial resulted in a verdict and judgment, in favor of appellee, in the sum of four thousand dollars.

The first paragraph charges, in substance, that the appellee was an infant of the age of sixteen years, at the time of bringing this action. That he was employed by the appellants to do and perform a certain kind of work, viz., to fasten chains to cars whilst standing still, which work was not hazardous. That whilst his employment for that work was running, he was compelled, by the ap-

pellants, to enter upon other work, viz., to work and manage a horse, in a space between two trains of cars, on a high embankment, and this whilst the trains were in motion. That this latter was much more hazardous than the former, and he went upon said work by the orders of the appellants, which act upon their part was a gross and wanton act of carelessness; and, without fault on the part of the appellee, he was injured by being thrown under the cars, causing the amputation of one leg, and the mangling of the other.

The second substantially charges, that, at the time the appellee was employed by the appellants; he was of tender years—aged fifteen—and was imprudently, negligently and carelessly set to work, in an unsuitable, unsafe and dangerous place, by the appellants, without giving him sufficient caution, warning or instruction; which place was in space about five feet wide, between two trains of cars, which trains of cars were constantly moving in opposite directions, and there placed him in charge of a horse which was wild, fractious and unused to the business. That the two tracks were made on a high embankment, and the cars were operated by steam-power. That, whilst the appellee was using due caution, he was thrown down, his legs drawn beneath the iron wheels of the cars, and crushed, causing one of them to be amputated. Judgment was asked for ten thousand dollars.

There was no demurrer to the first paragraph, and no motion in arrest of judgment in the court below ; nor is it assigned for error, in this court, that such paragraph does not contain facts sufficient to constitute a cause of action. Hence, no question is presented in reference to its sufficiency. Buskirk Prac.

The errors assigned call in question the action of the court, in overruling a demurrer to the second paragraph of the complaint, in sustaining a demurrer to the second paragraph of the answer, and in overruling a motion for a new trial.

Hill *et al. v.* Gust, by his next friend, Gust.

It is conceded by counsel for appellants, in their brief, that the second paragraph of the answer only amounted to an argumentative denial.  There was, therefore, no error in sustaining a demurrer thereto, and this assignment of error will not be further noticed.

We proceed to inquire whether the court erred, in sustaining a demurrer to the second paragraph of the complaint.

The paragraph in question is, in principle and substance, the same as that in *Coombs* v. *New Bedford Cordage Company*, 102 Mass. 572, the syllabus of which case is as follows:

" The fact that, very near where a workman is voluntarily employed in a manufactory, machinery not connected with his work is in motion, the dangerous nature of which is visible and constant, is not conclusive that he has taken on himself the risk of being injured by it, in modification of the implied contract of his employer to provide for him a reasonably safe place in which to do his work; and if, through inattention to the danger, he meets with such an injury while doing his work, and sues his employer therefor, the questions whether he met with it with due care on his own part, and by reason of the neglect of his employer to give him suitable notice of the danger, are for the jury; and the facts of his youth and inexperience, and the directions previously given to him by agents of the employer about the manner of doing the work, are to be considered upon the question of due notice;  *  *  *.

"Evidence that a boy less than fourteen years old and unacquainted with machinery, after being employed in a cordage factory only one day,  *  *  *  and never having been in a similar employment before, was set to work by his employer in a room where the noise was two or three times as loud as in railroad cars,  *  *  *  and his duty was to break off the ribbon of hemp at stated times by taking it in both his hands and drawing them apart in a manner in which he had been instructed;

that by the side of this machine   *   a similar machine in motion, the gearing of which was unguarded but was in plain view, was situated by the side and somewhat in the rear of the place where he would properly stand in doing his work, and so situated that in drawing his hands apart to break off the hemp his left hand would be brought very near to it; that no one pointed out this gearing to him, or cautioned him in regard to it; and that, while standing in his proper place, attending to his work and breaking off the hemp in the manner described, his hand was caught in this gearing and injured; will warrant a jury in finding that he was manifestly incapable of understanding and appreciating the danger to which he was exposed by the the gearing or manifestly incapable of performing the work there with safety, and that his employer was guilty of negligence in setting him to work in that place without proper and reasonable precautions that he should be so informed and instructed in regard to his work there, and the danger to which he would be exposed, as to enable him, with proper care and attention on his part, to avoid that danger."

This exposition of the law is based upon the theory that an employer is bound, under the law, to give a person of tender years, whom he employs, due caution, explanation and instruction, when he sets him to work in a dangerous and hazardous place. That the mere fact that he could have seen that such place was dangerous and hazardous, by exercising his faculty of sight, is not, of itself, sufficient evidence to hold an employee accountable for contributory negligence; but that it is a question for the jury to determine from all the facts.

In the above case the English and American authorities were fully reviewed, and, in our judgment, support the ruling. We cite the following cases as supporting such ruling: *Cayzer* v. *Taylor*, 10 Gray, 274; *Seaver* v. *Boston and Maine Railroad*, 14 Gray, 466; *Snow* v. *Housa-*

*tonic R. R. Co.*, 8 Allen, 441; *Gilman* v. *Eastern Railroad Corporation*, 10 Allen, 233; *Gilman* v. *Eastern Railroad Corporation*, 13 Allen, 433; *Reed* v. *The Inhabitants of Northfield*, 13 Pick. 94; *Whitaker* v. *The Inhabitants of West Boylston*, 97 Mass. 273; *Polley* v. *Lenox Iron Works*, 4 Allen, 329; *Denny* v. *Williams*, 5 Allen, 1; *Forsyth* v. *Hooper*, 11 Allen, 419; *Banfield* v. *Whipple*, 14 Allen, 13; *Laber* v. *Cooper*, 7 Wal. 565; *Lovett* v. *Salem and South Danvers R. R. Co.*, 9 Allen, 557; *Blake* v. *Sawin*, 10 Allen, 340; *Carter* v. *Towne*, 98 Mass. 567; *Fogg* v. *The Inhabitants of Nahant*, 98 Mass. 578; *Gaynor* v. *Old Colony and Newport Railway Co.*, 100 Mass. 208; *Birge* v. *Gardner*, 19 Conn. 507; *Johnson* v. *The Hudson River R. R. Co.*, 20 N. Y. 65; *Wolfkiel* v. *The Sixth Avenue R. R. Co.*, 38 N. Y. 49; *Mangam* v. *The Brooklyn R. R. Co.*, 38 N. Y. 455; *Jetter* v. *New York and Harlem R. R. Co.*, 2 Keyes, 154; *Castle* v. *Duryee*, 2 Keyes, 169; *Cook* v. *New York Central R. R. Co.*, 3 Keyes, 476; *Smith* v. *O'Connor*, 48 Pa. State, 218; *North Penn. R. R. Co.* v. *Mahoney*, 57 Pa. State, 187; *Kerr* v. *Forgue*, 54 Ill. 482; *Davies* v. *England*, 10 Jurist, (N. S.) 1235; S. C. 33 L. J., (N. S.) Q. B., 321; *Coleman* v. *Southeastern Railway Co.*, 4 H. & C. 699; *Grizzle* v. *Frost*, 3 Fost. & Finl. 622; *O'Byrne* v. *Burn*, 16 Court of Session Cases, (2d series) 1025; *Bartonshill Coal Co.* v. *Reid*, 3 Macq. 266; *Bartonshill Coal Co.* v. *McGuire*, 3 Macq. 300.

There are other adjudged cases, in England and in this country, which hold otherwise, but it is believed that the decided weight of authority supports the views hereinbefore expressed.

In our opinion, the court committed no error, in overruling the demurrer to the second paragraph of the complaint.

We proceed to the examination of the third and last assignment of error, which is based upon the refusal of the court to grant a new trial.

It is claimed that the court erred, in excluding two questions which were asked Mr. John Caskey, a witness pro-

duced by the appellee, who, among other things, had testified as follows:

" I told McKechney I would have to quit, as I did not like to work there on the dump, driving the mule, because I considered it was a dangerous place, and that I did not like to work there. I told McKechney this, in the forenoon of the first day that I drove the mule on the dump ; he asked me to continue on working, and that he would try to find a man to take my place at noon. I told him that I would not work there in the afternoon. He then said that he would not beg men, and pay them besides, to work for him. I worked one hour in the afternoon and then quit. When I was there the mule was caught several times, once falling upon me in the mud."

For the purpose of impeaching such witness, by proving that he had made statements, out of court, different from those he had testified to, the following questions were asked him upon his cross-examination :

" Did you not state to Mr. Hill, one of the defendants, on the day you quit work on the dump, that the reason why you quit work was, that the foreman called you a son of a bitch ?

" Did you not, on the occasion of leaving the employment of the defendants, tell them, the defendants, that you left because the foreman of the defendants called you a son of a bitch ? "

In laying the foundation for the impeachment of a witness, upon the ground that he had made statements, out of court, different from those testified to, the time when, the *place where,* and the person to whom such statements were made should be clearly stated. The above questions omitted the place where such statements were made, and for this cause, alone, the questions were properly excluded. We do not deem it necessary to consider other objections, that are urged to the competency and materiality of such questions and the answers sought to be elicited.

It is next claimed, that the verdict is not sustained by

the evidence, for the reason that it appears therefrom that the appellee was not in the employment of the appellants, at the time when he was injured, but was in the employment of one Slocum. This was the principal question of fact in controversy in the court below. The evidence covers over three hundred pages of the record, all of which has been carefully read and thoughtfully considered. Upon the point stated, a large number of witnesses testified. There is a plain and irreconcilable conflict in the evidence. Evidence, tending to impeach several of the witnesses who testified in reference to such point, was given. The evidence bearing on such point is quite fully and ably reviewed in the very careful and exhaustive briefs filed by counsel, and the most that is claimed by counsel for appellants is, that, upon such point, the evidence decidedly preponderates in their favor. This depends upon which class of witnesses was entitled to the greatest weight, a question which belongs exclusively to the jury, and we will not invade their province and override their decision. This is one of the cases where we are absolutely prohibited, by long usage and propriety, from disturbing the verdict of a jury.

There is no error in the record.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.