## City Court.

### Trial Term—May, 1880.

## THOMAS BEATTY, BY GUARDIAN, against JOHN H. HESSMAN.

A youth of thirteen years, employed to feed a wood-chopper, was injured while adjusting a belt belonging to the machinery of the establishment. It was out of the line of his special employment, and the direction was given by a fellow-workman. *Held*, that the employer was not liable.

See note at end of case, on Infants in Dangerous Employments, and as to Who are Fellow-Workmen.

Motion for new trial on the minutes.

*J. M. Lyddy*, for plaintiff.

*C. S. Spencer*, for defendant.

McADAM, J. — The plaintiff, a youth of thirteen years, was engaged by the defendant, a kindling-wood

Beatty v. Hessman.

dealer, to feed one of the wood-choppers in his establishment. While the employment of such a youth in a hazardous business that constantly exposes him to unsuitable and dangerous risks, is reprehensible, and may render the employer liable for any casualty which may happen in the usual course of such employment, the evidence clearly shows that the injuries of which the plaintiff complains were received while attempting to adjust certain belting connected with the machinery of the wood-yard. It was no part of the plaintiff's duty to attend to the machinery, nor was he commanded to adjust the belting by the defendant, or by one temporarily occupying his place as any foreman, superintendent, or (as some books use the term) middleman. The direction was given by a fellow-workman, named Dorsch, through whose agency the damage was caused. The painful injuries received by the plaintiff are such as juries are only too willing to redress with liberal compensatory damages. This sentiment may be just when the culpable parties are before the court ; but I have been unable to find any solid legal ground to fix the responsibility upon the defendant for injuries received by the plaintiff out of the line of his special employment, and by the exclusive negligence of a fellow-workman (See Murphy v. Smith, 19 C. B. N. S. 360 ; S. C., 12 L. T. N. S. 605 ; King v. Boston R. R. Co., 9 Cush. 112 ; Gartland v. Toledo R. R. Co., 67 Ill. 408 ; Brown v. Maxwell, 6 Hill,. 592 ; Nashville R. R. Co. v. Ellis, 1 Coldw. 611).

The complaint was, therefore, properly dismissed, and the motion for a new trial must be denied.

## Children falling down Stairway.

In DONNELLY, by guardian, v. KELLY et al., *City Court, Trial Term, March,* 1887, the following decision was filed:

McADAM, Ch. J.—The plaintiff, a boy three years of age, accompanied his mother to the defendants' store. While the mother was engaged looking at goods, the boy wandered from her and fell down

the stairs leading from the store to the basement. They were in the rear of the store, at one side thereof, where they appropriately belonged. It was a place customers were not obliged to pass or repass. The childish curiosity of the boy must have attracted him there. The structure was a legal one; it was not a well-hole or a hatchway, nor was it inherently dangerous. It was the ordinary stairway to be found in all well-constructed buildings. It is not uncommon for children to fall down stairs, if not watched, and this duty falls on the parent, and cannot be cast on a stranger. If the mother had exercised proper care the boy would not have been allowed out of her presence, and her negligence is imputable to him (*Sher. & Red. on Neg.* § 48). Stairways are not dangerous but necessary appliances. The case is at best one of inevitable accident. It certainly furnishes no ground for the application of any legal principle which imputes negligence to the defendants.

Complaint dismissed.

## Dangerous Employment of Children.

*L.* 1876, c. 122,—prohibiting the use or employment of any child in any business or vocation injurious to the health or dangerous to the life or limb of such child,—was repealed by implication by the passage of section 292 of the Penal Code (Ryan v. Buchanan, 37 *Hun.*, 425). This section of the Penal Code does not prohibit the employment of children in a dangerous "business or vocation," but only in a dangerous "practice or exhibition" (*1b.*). In order to create a liability of an employer under *L.* 1876, c. 122, § 3, the "business or vocation" in which the child is employed must be of the character mentioned in section 1 and 2,—an employment either vicious in itself, or which partakes of the character of an amusement (Hickey v. Taaffe, 99 *N. Y.* 204. Followed, reversing a judgment for plaintiff—a minor—in an action for injuries received at a steam punching-machine, where the court charged the jury that if the machine was dangerous, the defendant was liable, Cooke v. Lalance & G. M. Co., 90 *N. Y.* 649. See also Hayes v. B. & D. Manuf. Co., 102 *N. Y.* 648).

The master is bound to advise the servant of any risks to which he is subject by the working of a dangerous machine. In respect to inexperienced children, the duty would go so far as to warn the servant of risks which the intelligence of the child would prevent his comprehending or fully understanding. A person of mature years, who accepts an employment in or about the management of a dangerous machine, assumes the risks of the employment, and so does

a minor who is fully instructed or fully understands the dangers of the employment (Buckley v. Gutta Percha Co., 41 Hun, 450). It is a wrongful act of the master, when an employé of the master, who is entrusted with the management of a machine, puts a boy without experience at work at a business and upon a machine which a man of ordinary sagacity would know to be perilous (Union Pacific R. R. Co. v. Fort, 17 Wall. U. S. 553 ; 21 U. S. [ Williams' Reprint] 739).

In Bartonskill Coal Co. v. McGuire (3 Macq. H. L. 300, 311), Lord CHELMSFORD, in speaking of an injury to a young girl from exposure to machinery in the building where she was employed, says : " It might well be considered that, by employing such a helpless and ignorant child, the master contracted to keep her out of harm's way in assigning to her any work to be performed."

One who put a boy of fifteen in charge of a wild and fractious horse in a place where trains of cars, moved by steam, were approaching in opposite directions, was held liable for an injury to the boy, in consequence of the horse being frightened and becoming unmanageable (Hill v. Gust, 55 Ind. 45).

The general obligation of the master to give information to one who, from immaturity or otherwise, would not be likely to be understood and appreciate it, is affirmed in Sullivan v. India Manuf. Co., 113 Mass. 396.


## Whether a Foreman takes the place of the Master or whether he is to be regarded as a Fellow-workman.

Whether a foreman takes the place of the master or is to be regarded as a fellow-workman, depends upon whether he is an alter ego, that is, one who to all practical purposes represents the master so as to make his act the act of the master.

Alter ego. Another's self, another like me in appearance or behavior.

Alter idem. Precisely similar, another self.

The rule is thus laid down by the court of appeals. A master is not responsible to an employee for the negligent acts of a competent and proper foreman, to whom there has been no delegation of power and control of the business or a branch thereof, but who is simply charged with special duties, performing them under the direction of the master, the latter continuing general control and supervision. It is only where the master withdraws from the management of the business, intrusting it to a middleman or superior servant; or where, as in case of a corporation, the business is of such a nature, that the general management and control thereof is necessarily com-

mitted to agents, that the master can be held liable to a subordinate for the negligent acts of one thus acting in his stead (Malone v. Hathanay, 64 N. Y. 5).

An act or duty which a master is bound to perform for the safety and protection of his servant, cannot be delegated so as to exonerate him from liability for any injury to the servant caused by an omission to perform it, or by its negligent performance; and this, whether the mis-feasance or non-feasance is that of a superior or inferior officer, agent or servant, to whom the doing of the act or the performance of the duty has been committed. The act or omission is that of the master also, irrespective of the question, whether it was or was not practicable for the master to act personally, or whether he did or did not do all that he personally could do to secure the safety of the servant (Fuller v. Jewett, 80 N. Y. 46).

The liability of a master for an injury to an employé, occasioned by the negligence of another employé, does not depend on the grade or rank of the latter, but upon the character of the act in the performance of which the injury arises. If the act is one pertaining to the duty the master owes to his servants, he is responsible to them for the manner of its performance; but if the act is one pertaining only to the duty of an operative, the employé performing it, whatever his rank or title, is a mere servant, and the master is not liable to a fellow-servant for its improper performance (Crispin v. Babbitt, 81 N. Y. 516).

McC., plaintiff's intestate, was employed in the yard of defendant at H. P. to assist the yardmaster L.; he was hired by L. and was under his control and supervision. While McC. was engaged, by direction of L., in attaching a damaged car standing on the track in the yard to another car, L. negligently signaled to an engineer, whose train stood upon the track, to back the train, which he did, without signal or warning, and in consequence McC. was crushed between the cars, receiving injuries causing his death. In an action to recover damages,—Held, that the yardmaster was to be deemed a fellow-servant with the deceased as to all acts done in the range of the common employment, except those done in the performance of some duty which defendant owed to its servants; that the act was not one of that character; and that, therefore, defendant was not liable (McCosker v. Long Island R. R. Co., 84 N. Y. 77).

Where the master delegates to another entire control over a particular branch of his business, the person to whom such power is delegated stands in the place of the master as to all duties resting upon him to his servant, and his acts or omissions relative thereto

are the acts and omissions of the master himself (Sheehan v. New York Central R. R. Co., 91 *N. Y.* 334).

An employer does not undertake absolutely with his employés for the sufficiency or safety of the implements and facilities furnished for their work, but only for the exercise of reasonable care in that respect; and where injury to an employé results from a defect in the implements furnished, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it. Personal negligence is the gist of the action (Devlin v. Smith, 89 *N. Y.* 476. See also Olson v. Clyde, 32 *Hun*, 425).