MARTIN PAYNE, Appellant, *v.* THE TROY & BOSTON RAILROAD COMPANY, Respondent.

In an action to recover damages for alleged negligence, plaintiff is entitled to have the issue of negligence submitted to the jury when it depends upon conflicting evidence, or on inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men.

While plaintiff was driving his mare across the track of defendant's road at the intersection of two streets in the city of T., her foot caught between the planking and one of the rails and she was injured. Upon the trial of an action to recover damages, plaintiff's evidence was to the effect that there was over three and one-fourth inches between the plank and the rail, while two and one-quarter inches was all that was required for the passage of the flanges of the car wheels, and because of this the horse's hoof got into the open space and the toe calk caught under the rail; that the plank was from one-fourth to three-eighths of an inch higher than the top of the rail; and that the crossing was constructed differently from others upon defendant's road and upon other railroads. Plaintiff was nonsuited on the ground that there was no evidence of negligence on the part of defendant. *Held,* error; that the question of negligence was one of fact for the jury.

(Argued December 22, 1880; decided January 25, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 19, 1879, which affirmed a judgment in favor of defendant, entered upon a nonsuit and affirmed the order, denying a motion for a new trial.

This action was brought to recover damages for injuries to plaintiff's mare, alleged to have been caused by defendant's negligence.

The facts appear sufficiently in the opinion.

*R. A. Parmenter* for appellant. Defendant was liable for damages resulting from its negligence in not properly constructing the crossing and allowing it to get out of repair. (*Wooster* v. *Forty-second and Grand Street R. R. Co.,* 50 N. Y. 203; *Rockwell* v. *Third Avenue R. R. Co.,* 64 Barb. 438; Shearman & Redfield on Negligence, § 446.) To charge the de-

fendant with liability for the injury done required no pre-
vious notice that the space between the plank and the rail
was too wide.  (*Griffin* v. *The Mayor*, etc., 9 N. Y. 456.)
The fact that the track was out of repair, and that an injury
had been caused by it, was strong evidence of negligence on
the part of the defendant, and the burden was upon the de-
fendant to produce countervailing proof to shift the responsi-
bility from it to the plaintiff.  (*Maloy* v. *N. Y. C. R. R. Co.*,
58 Barb. 182.)   The question of negligence should have been
submitted to the jury.  (*Casey* v. *N. Y. C. and H. R. R. R.
Co.*, 78 N. Y. 518; *Massoth* v. *D. and H. C. Co.*, 64 id. 524.)

*Esek Cowen* for respondent.  The evidence was not suffi-
cient to allow the jury to base a verdict of negligence upon it.
(*Toomey* v. *Railway Co.*, 91 C. L. 146; *Cotton* v. *Wood*, 98 id.
572.)

MILLER, J.  The plaintiff's mare was injured while he was
driving her slowly, and crossing the defendant's railroad at
the intersection of two streets in the city of Troy, by her left
hind-foot being caught between the planking and the southerly
iron rail of said railroad.

The testimony upon the trial was conflicting in regard to
the alleged defects in the planking of the crossing and the
condition of the same at the time of the injury.  It was proved
by the plaintiff, upon the trial, that the plank was so placed
that there was a space of a little more than three and one-
quarter inches between the plank and the iron rail, which
space was for the passage of the flanges of the wheels of the
cars; and the evidence of the plaintiff showed that two and
one-quarter inches was all which was required for that purpose,
and hence the space was at least one inch wider than it should
have been, and this, it was claimed, caused the horse's hoof to
get into the open space and to be caught by the toe-calk under
the iron rail.  It also appeared, from the evidence introduced
by the plaintiff, that the plank was from one-quarter to three-
eighths of an inch higher than the top of the rail.  At the

close of the testimony a motion was made for a nonsuit, upon the ground that there was no evidence that the company was guilty of negligence in the construction of the crossing, or that the crossing was improperly constructed, or that it was any more dangerous on account of the planking or the width of the opening. The motion was granted, and the plaintiff excepted.

The evidence tended to show that the crossing was .constructed in a manner different from other crossings upon the defendant's railroad and upon other railroads; that the space between the plank and the rail was wider than was necessary, and thus the danger of traveling over the crossing was increased; and it was claimed that this mode of construction and of maintaining the crossing, as well as the fact that the plank was higher than the top of the rails, established negligence on the part of the defendant. The question of defendant's negligence, as the evidence stood, was one of fact for the consideration of the jury; and if there is any evidence from which a jury might find in favor of the plaintiff, the case should not be withdrawn from their consideration. The testimony here as to the defendant's negligence is not very strong, and the case is a very close one on the question of such negligence; yet it was not so destitute of facts and circumstances for the consideration of the jury, and so clear against the plaintiff, as to leave no room for doubt, and to justify the court in holding that there was no evidence of negligence. It is a well-settled rule, that it is a matter of right in the plaintiff to have the issue of negligence submitted to the jury, when it depends upon conflicting evidence, or on inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men. ( *Wolfkiel* v. *Sixth Avenue R. R. Co.*, 38 N. Y. 49; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451; *Hart* v. *H. R. Bridge Co.*, 80 id. 622.) The plaintiff's case is manifestly within the rule laid down in the cases cited. The track of the defendant's road being across a public highway, it was its duty to construct and keep the same in such a manner as would subserve the legiti-

mate purposes of the corporation, and, at the same time, interpose no serious obstructions to the public travel on the highway across the railroad, and cause injury to horses while crossing the railroad.

The question whether this was done was one of fact; and, while it may well be that the width between the rail and the plank originally was no more than was usual, and the widening thereof was occasioned by the ordinary travel on the railroad, without any want of care or any negligence of the defendant, this was a matter for the jury to determine, upon the proof given and the circumstances presented, as triers of fact. It was not, we think, for the court to say, in the face of the evidence introduced by the plaintiff, although the testimony was contradicted, that there was no question for the jury, and to direct a nonsuit.

We are, for the reasons stated, of the opinion that the court erred in granting the nonsuit, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Fᴏʟɢᴇʀ, Ch. J., and Rᴀᴘᴀʟʟᴏ and Eᴀʀʟ, JJ., dissenting.

Judgment reversed.