CHARLES P. DALY, Ch. J., concurred.

Order affirmed.

---

CHARLES ASHLEY, Appellant, *against* THE MANHATTAN RAILWAY COMPANY, Respondent.

(Decided June 1st, 1885).

In an action against an elevated railway company for damages for personal injuries to plaintiff caused by a cinder from defendant's locomotive

striking him in the eye, evidence that, at the time of the injury, a stream of hot ashes and red hot cinders, some of which were about the size of a marble, fell from the defendant's locomotive into the street, is sufficient to raise a presumption of negligence on the part of defendant in the construction or management of its engine.

APPEAL from a judgment of this court entered upon the dismissal of a complaint at the trial, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Samuel E. Fairchild*, for appellant.

*Edward S. Rappallo* and *Howard Townsend*, for respondent.

ALLEN, J.—This is an appeal from a judgment in favor of the defendant, and from an order denying the motion for a new trial made upon the minutes.

The action was brought to recover damages for injuries caused to the plaintiff by the negligence of the defendant. The complaint was dismissed at the close of the plaintiff's testimony.

The evidence shows that, on the 21st day of October, 1881, the plaintiff was a car driver on the surface railroad on Sixth avenue, in this city. That while he was driving towards Central Park on said road, and was passing between 56th and 57th streets, at about eleven o'clock at night, there came a stream of hot ashes and red hot cinders down from the defendant's locomotive, then passing nearly over his head, and a cinder went into his right eye therefrom. That some of those cinders which came down from the defendant's locomotive were about the size of a marble. That the stream of ashes was about one half a foot long, and it seemed to drop down into the street, and it closed up the plaintiff's eye so that "it could not be seen the next day." That on the day following the cinder was removed by Dr. Pomeroy. That the cinder was burned into the plaintiff's eye, the eye

Ashley v. Manhattan R. Co.

was greatly inflamed, and such inflammation continued for about three weeks. His eyes were weakened; and since that time the sight of his eye has been impaired.

The mere fact of the escape of sparks and cinders from a locomotive would not, *per se*, make the company liable for an injury received therefrom. The defendant has a lawful right to use fire in the running of its engines, and can be held liable for accidents happening from such use only upon the ground of negligence. In using fire to create the motive power of an engine, the defendant is charged with the utmost care, and is bound to adopt the most approved means which have been devised to prevent injury from it.

If nothing more appeared in the evidence in this case than the fact that the plaintiff was injured by a spark or a cinder, such as is usually thrown out from the smoke-stack of a locomotive, that of itself would not establish a liability on the part of the defendant; and it would have been the plain duty of the trial judge to dismiss the complaint. But the evidence here is that a stream of hot ashes and red hot cinders came down from the locomotive, and that some of those cinders were about the size of a marble. Such an emission may be safely said to be unusual in degree and character, and the cinders of an extraordinary size, and such as would not be thrown out from a well-constructed and properly managed locomotive. The matter emitted was of such a character that it is impossible to determine whether it came from the smoke-stack or from the ash-pan of the locomotive, or whether it was thrown out by some one of the employés upon the engine. Such an unusual occurrence raised an inference of considerable weight, that the engine was not properly constructed or managed, or that the contrivances which skill and science have invented and are in practical use were not used, to prevent the falling of cinders, ashes and sparks in such large quantities.

I think the evidence here is sufficient to raise a presumption of negligence against the defendant, so as to put upon it the burden of proving that it was using all the measures of precaution that prudence required, and that its engine

was properly constructed and carefully managed, and that, therefore, the case should not have been withdrawn from the jury.

In actions for alleged negligence the plaintiff is entitled to have the issue of negligence submitted to the jury, when it depends upon inferences to be drawn from circumstances, in regard to which there is room for a difference of opinion among intelligent men (*Payne* v. *The Troy & Boston R. R. Co.*, 83 N. Y. 572).

We are of the opinion that the court erred in dismissing the complaint, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

CHARLES P. DALY, Ch. J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.