## PETER LARSON v. CHARLES BERQUIST, *et al.*

1. MASTER AND SERVANT; *Cause of Action Stated.* In an action by a parent to recover damages for the willful negligence and misconduct of the defendants toward his infant daughter while in their service, the plaintiff alleged that the daughter was an inexperienced girl of tender years, who was employed by the defendants as a house servant to do such work as was suitable to her years and strength, and that during her employment her menses began, causing her great pain and sickness, and that after gaining her confidence the defendants took advantage of her weakness, youth and inexperience, and in order that she might continue in their service, and perform a great and unusual amount of labor for them, they negligently, willfully and wickedly advised her that menstruation was a dangerous disease, likely to cause insanity and death, and that the best and only known remedy therefor was hard and unremitting labor; and that by reason of this advice and the influence exerted upon her by the defendants, she was exposed to danger and

hardship, and made to do work for them far beyond her strength, and compelled to perform the labor of two persons, by reason of which she became very sick, and was permanently crippled and disabled, and that ever since that time her father has been not only deprived of her assistance and service, but has been compelled to expend for her care and medical attendance a large sum of money: *Held*, Upon the demurrer, that the petition stated a cause of action in favor of the plaintiff and against the defendants.

2. INFANT SERVANT—*Duty of Employers.* In such a case the defendants were bound to exercise ordinary care and diligence to protect her from injury in the course of the employment, and as the servant was an infant of tender years, a higher degree of care and a greater precaution was required of the defendants than if she had been an adult of ordinary intelligence and judgment.

*Error from Republic District Court.*

PETER LARSON brought an action against *Charles Berquist* and *Sarah Berquist,* and in his petition alleged that—

"The above-named plaintiff, Peter Larson, complains of the above-named defendants, Charles Berquist and Sarah Berquist, his wife, for that heretofore, to wit, from the fall of 1882 until fall of 1883, the plaintiff's daughter, Tilda Larson, a minor then and now under the age of eighteen years, was employed by defendants as a servant in their house to do about the same such work as was suitable for a person of her years and strength, and to receive therefor her board and clothing, except for the last six months of said employment, when she was to receive instead of clothing the sum of $1.25 per week; that the said minor was of tender years and delicate health, and her mother having died several years previous to the dates above, she looked to and depended upon said defendant Sarah Berquist for a mother's advice, which both defendants well knew; that during the time of her said employment, her menses began, and caused her great pain and sickness, of all which she informed defendants; that they, well knowing her weakness and inexperience, and the confidence she placed in them, for the purpose of inducing her to do and perform for them a large amount of work and labor, more than she or anyone else was able to do, carelessly, negligently, willfully, falsely and wickedly pretended and represented to her that said menstruation was a dangerous and unusual disease, very likely to produce insanity and death, and that the best and only known remedy was constant, hard and unremitting work and labor;

that the said Tilda, believing said representations, to recover her health and to avoid said pretended evils, did then and there perform for said defendants a great amount of work and labor far beyond her strength, among other things arising about five o'clock in the morning, and remaining on her feet continuously until ten or eleven o'clock at night, milking daily from eight to fourteen cows, carrying water quite a distance up hill for from twenty to forty head of hogs, digging and bringing potatoes from the field, cooking and helping to cook for a family of from six to eight, caring and helping to care for several young children of defendants, scrubbing the floors, and many other things too numerous to mention — compelling her to do the work that two stout girls had done before; that also at one time, during said time, she was by command of defendants engaged in helping them prevent their hogs escaping from a corral, and for that purpose had caught and was holding by the ears a large hog, when defendant Charles Berquist in a rude, rough and angry manner threw a large stone, barely escaping said Tilda's person, and striking said hog on the head and face or snout, causing its instant death, and so frightening said Tilda that she fainted and suffered great pain; and in general the whole conduct to and treatment of the said Tilda by the said defendants was so careless, negligent, willful, and criminal, refusing to allow her rest until in her weakness she repeatedly fainted; that by means thereof, including all above alleged, she became very lame, sick, sore, crippled, and disabled, and must so remain for life, unable to do or perform any work for or render any assistance to the plaintiff, her father, so that ever since said employment he has been wholly deprived of her assistance and service, and instead thereof has been obliged to, and has paid out for care, nursing, and medical attendance, in endeavoring to give her relief, the sum of five hundred dollars — all with damage in the sum of one thousand dollars; for which, with costs of suit and such other relief as he may be entitled to, he prays judgment."

The defendants demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or either of them. The demurrer was submitted to the district court at the October Term, 1884, and sustained; and the plaintiff not desiring to plead further, judgment was

rendered in favor of the defendants for their costs; to which ruling and judgment the plaintiff excepted, and brings the case here for review.

*A. D. Wilson,* and *Sturges & Kennett,* for plaintiff in error.

*J. W. Sheafor,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought to recover damages for the alleged willful negligence and misconduct of the defendants toward the plaintiff's minor child while she was in the service of the defendants. The question raised by the defendants' demurrer, and the only one presented for our determination, is, whether the plaintiff in his petition states a cause of action against the defendants. It is conceded that the parent is entitled to indemnity for wrongful injury to his minor child where a loss of service results from such injury. In such a case the loss of service is the gist of the action, and where there is no injury in that respect, no recovery can be had. It is alleged that the plaintiff's daughter was a minor child of tender years, and was employed for a period of two years as a house servant to perform such service as was suitable for a person of her years and strength. As compensation she was to receive board and clothing for the first eighteen months of the term of service, and during the last six months of the term she was to be paid, in lieu of clothing $1.25 per week. In such a case it was the duty, and there was an obligation upon the defendants, implied by the law as an incident to the contract, to treat the plaintiff's daughter humanely and reasonably. They were bound to exercise ordinary care and diligence to protect her from injury in the course of the employment, and their failure in that respect will make them responsible in damages. A higher degree of care and a greater precaution is required of the master where the servant is an infant, and has not yet reached the years of judgment and discretion, than in a case where the servant is an adult person of ordinary intelligence and judgment. (*Robinson v. Cone,* 22 Vt. 213;

22—34 KAS.

*Rauch v. Lloyd & Hill,* 31 Pa. St. 358; *Coombs v. New Bedford Cordage Co.,* 102 Mass. 572; *O'Connor v. Adams,* 120 id. 427; *Smith v. O'Connor,* 12 Wright, 218; *Hill v. Gust,* 55 Ind. 45; *Sullivan v. India Mfg. Co.,* 113 Mass. 396; *East Saginaw City Rly. Co. v. Bohn,* 27 Mich. 503; Cooley on Torts, 553, and cited cases.)

It is stated in the petition that the plaintiff's daughter was an inexperienced girl of tender years, and that during the employment her menses began, causing her great pain and sickness; that after gaining her confidence the defendants took advantage of her weakness, youth and inexperience, and in order that she might continue in their service and perform a great and unusual amount of labor for them, they negligently, willfully and wickedly advised her that menstruation was a dangerous disease, likely to cause insanity and death, and that the best and only known remedy therefor was hard and unremitting labor. It is alleged further, that by reason of these representations and the influence wrongfully exerted upon her by the defendants, she was exposed to danger and hardship, made to do work for them far beyond her strength, and that they compelled her to perform the labor of two persons, by reason of which she became very sick, was permanently crippled and disabled, and ever since that time her father has been not only deprived of her assistance and service, but has been required to expend for necessary care, nursing and medical attendance, the sum of $500.

If the facts are as recited in the petition, they show that the defendants not only failed in their duty, but were grossly negligent of the plaintiff's daughter. Their conduct toward her was wanton and cruel in the extreme, for the consequence of which, if there is no concurrent negligence of the plaintiff, the defendants are answerable. By the strongest principles of morality and good faith, they should have given her reasonable care and honest counsel. At no period of her life was such care more important or necessary. She was a motherless girl of tender years, who relied, as the defendants knew, upon their advice. For

*1. Master and servant; cause of action stated.*

the purposes of gain they misused her confidence, took advantage of her immaturity and her lack of discretion and judgment, and directly caused and compelled her to do that which resulted in great and permanent injury to herself, and a consequent loss to her father. It is said by the defendants that she was under no obligation to perform labor beyond her strength, and might have declined the service exacted, under the requirements of the contract; and also that she had no right to rely upon misrepresentations of the defendants, as she had equal means of information with them. This would be true if the person injured had been an adult of ordinary prudence and discretion; but as we have seen, a different rule applies in the case of a child of tender years, who is unable

2. Infant servant—duty of employers. to appreciate the dangers to which she would be subjected in performing the service required of her. It is said that the petition does not state the age of the plaintiff's minor child, and that there is nothing to show that she had not the intelligence and judgment of an adult. In this respect the petition is somewhat faulty; but if they desire to assail the petition upon the ground of indefiniteness and uncertainty, it should be done by a motion instead of a demurrer. While the exact age of the plaintiff's daughter is not stated, enough is alleged to make it appear that she was immature and did not have the capacity and discretion to understand her condition and the dangers of the extraordinary service which the defendants wrongfully induced her to perform. Besides, it is averred in express terms that she was a delicate, inexperienced girl of tender years. She was therefore not bound to the same rule of care and diligence in avoiding the consequence of the defendants' neglect that would be required of adult persons of ordinary intelligence and discretion. If it should appear upon the trial, as is now claimed by counsel for defendants, that no willful wrong was done by defendants, and that the girl was of sufficient age and capacity to understand the dangers incurred by her in doing the work directed to be done, and that she neglected the duty of self-protection, no recovery could be had by the plaintiff,

as the negligence of the girl would be imputed to the father; and if the father consented to the wrongful action of the defendants, or in any way coöperated in producing the injury, it would defeat a recovery in his favor. However, these are matters of defense which do not appear upon the face of the petition, and therefore need no consideration now.

We are of opinion that the court erred in sustaining the demurrer. Its judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.