### JORDAN *v.* NEW YORK & H. R. CO.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

PERSONAL INJURIES—EXCESSIVE DAMAGES.

In an action for personal injuries, a verdict of $11,000 will not be set aside as excessive merely because plaintiff is a man of advanced years, where the injuries he suffered were of the most serious character, entailing confinement to the house and to his bed for a long period, great suffering of body and anxiety of mind, expensive surgical treatment, besides ordinary attendance of physicians, and the amputation of a large portion of one of his feet.

Appeal from trial term.

Action by Henry Jordan against the New York & Harlem Railroad Company to recover damages for injuries to his foot sustained by falling off the front platform of a horse-car of defendant, through the negligence of the driver in starting the car before he was upon the ground. There was a verdict for plaintiff for $11,000. From the judgment entered thereon defendant appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Charles T. Titus,* (*Henry H. Anderson,* of counsel,) for appellant. *Hugh L. Cole,* for respondent.

LARREMORE, C. J. Upon the main facts alleged and proved there is very little to be said. Plaintiff offered abundant proof from which the jury might infer negligence on the part of the defendant's servant, and absence of contributory negligence. The learned judge correctly ruled on all questions submitted to him, and properly presented the case to the jury for their determination. The only possible question that could arise for consideration is that

of the amount of the damages awarded. . The learned counsel for appellant claims that these are excessive. I have carefully considered the facts of the case, and the authorities which he cites, and have reached the conclusion that the verdict of the jury should not be disturbed. The evidence shows that the plaintiff, though a man of advanced years, was engaged in business at the time of the accident, and that he has since been unable to attend to any business. He testified that he told the driver to stop the car before alighting, and it appears that said car was at a standstill before he attempted to step down. While he was in the act of descending, the driver started the car; and he was thrown down, and run over by the wheels. The injuries he suffered were of the most serious character, entailing confinement to the house and to his bed for a long period, great suffering of body and anxiety of mind, expensive surgical treatment, besides ordinary attendance of physicians, and the amputation of a large portion of one of his feet. The learned counsel for respondent, in his brief, has cited many cases where verdicts for a much larger amount than the present one, of $11,000, were sustained on appeal for injuries not as serious in character as those proved upon the trial of this action. If the plaintiff had been a young man, or a man in the prime of life, we hardly think it would be seriously claimed that such sum was excessive, under such circumstances. We do not feel called upon to reduce this amount simply because the claimant is advanced in years. Presumably, this factor was taken into consideration by the jury in awarding the amount. This is a question peculiarly within their province; and there is nothing in the evidence to make it seem probable that they were influenced by passion or prejudice, or any other improper motive. The judgment appealed from should be affirmed, with costs. All concur.