### FITCH *v.* BROADWAY & S. A. R. Co.

*(Superior Court of New York City, General Term.* June 27, 1890.)

DAMAGES—EXCESSIVE.

The injury to plaintiff, 63 years old, consisted in a fracture of the neck of the *femur*, causing her the most intense pain. At the time of the trial she was not able to attend to her household duties, or to dress herself without the assistance of others. The evidence went to show that the injury resulted in a shortening of the leg, that plaintiff would never be free from pain, and that she would never recover the full use of her leg. *Held*, that a verdict of $7,000 was not excessive.

Appeal from jury term.

Action by Emeline L. Fitch against the Broadway & Seventh-Avenue Railroad Company, for personal injuries sustained by falling from defendant's car. The injury sustained was a fracture of some kind of the neck of the *femur*, which resulted, as the evidence tended to show, in the shortening of the leg, and caused plaintiff the most intense suffering. At the time of the trial plaintiff was unable to attend to her household duties, or to dress herself without the assistance of others, and the evidence went to show that she would never be free from pain, nor recover the full use of her leg. Plaintiff was 63 years old at the time of the accident. Judgment was given for plaintiff, and defendant appeals.

Argued before FREEDMAN and INGRAHAM, JJ.

*Root & Clarke,* for appellant. *Lexow & Haldane,* for respondent.

FREEDMAN, J. The only point presented by the appellant is that upon the whole case the judgment should be reversed because the damages awarded by the jury were excessive. The action is for personal injuries. I have examined the evidence with care, and I fail to see how, considering the nature of the injuries, and the amount of pain and suffering endured by the plaintiff, the verdict, which is for $7,000, can be held to be excessive. Cases are to be found in large numbers in which larger recoveries have been sustained for similar injuries. The judgment and order should be affirmed, with costs.