## SCHOLL *v.* BROADWAY R. CO. OF BROOKLYN.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

NEGLIGENCE—CONFLICTING EVIDENCE—SUBMISSION TO JURY.

     The rule that, in an action for damages for alleged negligence, plaintiff is entitled to have the issue of negligence submitted to the jury if it depends upon conflicting evidence, will not be affected by the fact that plaintiff was the only witness in her behalf.

Appeal from circuit court, New York county.

Action by Barbara Scholl against the Broadway Railroad Company of Brooklyn to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Wm. M. Ingraham,* (*Thomas S. Moore,* of counsel,) for appellant. *Edward J. Dunphy,* (*Hector M. Hitchings,* of counsel,) for respondent.

LAWRENCE, J. The counsel for the appellant states in his printed points that "the sole question arising upon this appeal is brought before the court by the exception taken to the denial of the motion made to dismiss the complaint, upon all the testimony, on the ground that the evidence of plaintiff's negligence is so overwhelming that there is nothing to submit to the jury, and that the absence of the defendant's negligence has been also proved by an overwhelming weight of testimony, and also by the appeal from the order denying a motion for a new trial upon the ground that the verdict was against the weight of evidence, contrary to the evidence, and contrary to law."

It has been repeatedly held that in an action to recover damages for alleged negligence the plaintiff is entitled to have the issue of negligence submitted to the jury, when it depends upon conflicting evidence, or on inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men. *Payne* v. *Railroad Co.*, 83 N. Y. 572; *Kain* v. *Smith*, 89 N. Y. 384, 385. The mere fact that the sole witness as to the manner in which the accident occurred was the plaintiff herself, and that the defendant examined four witnesses for the purpose of contradicting her, would not have justified, in our opinion, the withdrawing the case from the consideration of the jury. The jury were the sole judges as to the facts; and if they believed the plaintiff's statement, rather than the evidence of the witnesses on the part of the defendant, it was certainly within their province and power to do so. There is nothing in the case which tends to show that the jury, in rendering their verdict, were governed by sympathy or undue influence; and, as the case was submitted to them under a charge to which no exception was taken by either party, we cannot undertake to interfere with the conclusion which they reached. The motion for a new trial was properly denied, for the reason that the verdict cannot be said to be against the weight of evidence, or contrary to the evidence, or contrary to law; nor, under the decisions, can it be said that the damages awarded to the plaintiff were excessive. *Fitch* v. *Railroad Co.*, (Super. N. Y.) 10 N. Y. Supp. 225; *Jordan* v. *Railroad Co.*, (Com. Pl. N. Y.) 9 N. Y. Supp. 506. The judgment and order below must therefore be affirmed, with costs and disbursements.