HUTHER v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.    January 27, 1911.)

1. STREET RAILROADS (§ 93*)—CARE REQUIRED AT STREET INTERSECTION.

As the ordinary right of way of a street surface railroad does not exist at intersecting streets, its right and those of vehicles on the intersecting street being equal, a motorman of a street car must exercise reasonable care to have it under control as it approaches the crossing.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 179, 180,. 195–200; Dec. Dig. § 93.*]

2. STREET RAILROADS (§ 117*)—COLLISION—STREET CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for injuries in a collision with a street car at a street crossing, evidence *held* to present a question for the jury as to plaintiff's contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 248–250; Dec. Dig. § 117.*]

Jenks, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by John Huther against the Nassau Electric Railroad Company. Judgment of dismissal, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Joseph A. Burdeau, for appellant.
D. A. Marsh, for respondent.

BURR, J.    On the afternoon of July 30, 1907, a collision occurred between a car operated by defendant and a wagon drawn by a horse driven by plaintiff. For the injuries resulting therefrom, plaintiff sues. He was proceeding in a westerly direction along Bleecker street. Hamburg avenue, which runs approximately north and south, is occupied by a double-track surface railroad, operated by defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

126 N.Y.S.—70

As plaintiff approached the corner of these intersecting streets, he saw a car of the defendant, distant about 125 or 130 feet from the point of intersection, coming rapidly upon the second track. He was proceeding slowly, at the rate of about four miles an hour. He crossed the first of the tracks in safety, and just as his horse had stepped across the rails of the second track, upon which the car was coming, he looked again, saw that the speed of the car had not been checked, that it was then about 25 or 30 feet distant from him, and that a collision was probable. He turned his horse quickly away from the car, so as to avoid, if possible, being struck by it, but was unable to reach a place of safety, and a collision followed. At the close of plaintiff's evidence, his complaint was dismissed. This we deem to be error.

The negligence of defendant was clearly established. At intersecting streets, the superior right of way, which ordinarily belongs to a street surface railroad, yields to the necessities of the situation, and its rights and those of vehicles passing along the intersecting street are equal. As a consequence it is the duty of the motorman operating the car to exercise reasonable care to have it under control as it approaches the point of intersection. The evidence warrants a conclusion that he made no effort to check the speed of the car. In determining the question of contributory negligence on the part of plaintiff, all the circumstances surrounding the occurrence must be considered. It was for the jury to say whether plaintiff was not justified in expecting that the rule relating to reasonable control would be observed, and that, although the car was going rapidly when he first saw it, it would be checked if he, reaching the crossing first, had earned precedence in passing over it. It may be that a jury would have determined that he did not exercise such care, but the determination of that question belonged to the jury as one of fact, and not to the court as one of law. Monck v. Brooklyn Heights R. R. Co., 97 App. Div. 447, 90 N. Y. Supp. 818, affirmed 182 N. Y. 567, 75 N. E. 1131; Lane v. Brooklyn Heights R. R. Co., 85 App. Div. 85, 82 N. Y. Supp. 1057, affirmed 178 N. Y. 623, 70 N. E. 1101.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event.

THOMAS, CARR, and RICH, JJ., concur. JENKS, P. J., dissents.