LENNON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   April 24, 1912.)

1. STREET RAILROADS (§ 117*)—ACTION FOR INJURIES—QUESTIONS FOR JURY.
    Evidence in an action for personal injuries, sustained by the driver of a truck when it was struck by a street car, *held* to present a question for the jury as to defendant's negligence and plaintiff's freedom from contributory negligence; and hence the dismissal of the complaint at the close of plaintiff's case was error.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 117*)—ACTION FOR INJURIES.
    In an action against a street railway company for injuries sustained in a collision, where, on the plaintiff's evidence, there is room for a fair difference of opinion on the questions of negligence and contributory negligence, the complaint should not be dismissed, although a verdict for defendant could not be set aside as against the weight of the evidence.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

Appeal from Trial Term, Queens County.

Action by Hugh Lennon against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and WOODWARD, JJ.

Burt L. Rich, of Brooklyn, for appellant.
D. A. Marsh, of Brooklyn, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, J. The action is brought to recover damages for personal injuries sustained by the plaintiff as the result of a collision between a heavily loaded beer truck, which he was driving, and one of the defendant's trolley cars, at the intersection of Lee avenue and Lynch street, in the borough of Brooklyn. These highways cross each other at right angles, the avenue extending north and south, and the plaintiff, driving west on the north side of Lynch street, had almost crossed the first of a double line of trolley tracks on Lee avenue when the defendant's trolley car, proceeding north on the avenue, struck the left hind wheel of the beer truck with such force as to push it over towards the westerly side of the avenue, and to throw the plaintiff from his seat to the ground. The occurrence took place in broad daylight. The load on the brewery wagon weighed 5,200 pounds. The horses were walking, and had proceeded so far in crossing the tracks that the car struck the hind wheel of the truck, as stated above.

[1] The plaintiff's evidence is generally to the effect that, when he reached what he calls the "building line" of Lee avenue, the car was about 70 or 75 feet distant, that it was 50 feet away when his horses stepped on the first track, that he "hollered at the motorman to stop," that he whipped the horses up as soon as he saw the motorman was not going to stop, but that he was unable to get clear of the car in time to avoid a collision. A corroborating witness for the plaintiff testified that he was standing near the scene of the accident, and that when the plaintiff's wagon was on the northbound track— the first track it came to—"*all of a sudden a car shot past the corner and hit the truck.*" It seems to be undisputed that the car was going very rapidly, and that the truck was moving slowly under a very heavy load; and, as it had nearly crossed the tracks sufficiently to avoid danger at the time of the actual collision, it would seem clear that under the authorities the questions of negligence and of contributory negligence should have been submitted to the jury for determination.

[2] It may be that a jury would resolve the questions adversely to the plaintiff, and it may even be that such a result could not be set aside as against the weight of evidence. It cannot be said, however, that there is no room in the circumstances for a fair difference of opinion, and the solution of the questions presented must, therefore, be dependent upon the facts as distinguished from the law alone. In Wolfkiel v. Sixth Ave. R. R. Co., 38 N. Y. 49, it was held, as per the headnote, that the rule is well settled that it is a matter of right in the plaintiff to have the issue of negligence submitted to the jury, when it depends upon conflicting evidence, or on inferences to be deduced from a variety of circumstances, in regard to which there is room for fair difference of opinion among intelligent men. In Payne v. Troy & Boston R. Co., 83 N. Y. 572, 574, the rule was reiterated; the court saying:

"If there is any evidence from which a jury might find in favor of the plaintiff, the case should not be withdrawn from their consideration. The testimony here as to the defendant's negligence is not very strong, and the case is a very close one on the question of such negligence; yet it was not so destitute of facts and circumstances for the consideration of the jury, and

so clear against the plaintiff, as to leave no room for doubt, and to justify the court in holding that there was no evidence of negligence."

To the same effect is Weil v. D. D., E. B., & B. R. R. Co., 119 N. Y. 147, 23 N. E. 487.

In Huther v. Nassau Electric R. Co., 142 App. Div. 522, 523, 126 N. Y. Supp. 1105, 1106, this court has recently held that the right of the street railroad and of vehicles at intersecting streets are equal; that the railroad company is chargeable with negligence where the motorman failed to have his car under control while crossing an intersecting street, with the result that, while driving at a high rate of speed, he collided with a vehicle crossing the track; and that it is for the jury to say whether a person driving across the tracks was guilty of contributory negligence, where by reaching the crossing first he had earned precedence in passing over, even though, when he first saw the car, it was going at a high rate of speed, for he had a right to expect that it would keep under reasonable control. The court said:

"The negligence of defendant was clearly established. At intersecting streets the superior right of way, which ordinarily belongs to a street surface railroad, yields to the necessities of the situation, and its rights and those of vehicles passing along the intersecting streets are equal. As a consequence it is the duty of the motorman operating the car to exercise reasonable care to have it under control as it approaches the point of intersection. The evidence warrants a conclusion that he made no effort to check the speed of the car. In determining the question of contributory negligence on the part of plaintiff, all the circumstances surrounding the occurrence must be considered. It was for the jury to say whether plaintiff was not justified in expecting that the rule relating to reasonable control would be observed, and that, although the car was going rapidly when he first saw it, it would be checked if he, reaching the crossing first, had earned precedence in passing over it. It may be that a jury would have determined that he did not exercise such care; but the determination of that question belonged to the jury as one of fact, and not to the court as one of law. Monck v. Brooklyn Heights R. Co., 97 App. Div. 447 [90 N. Y. Supp. 818], affirmed 182 N. Y. 567 [75 N. E. 1131]; Lane v. Brooklyn Heights R. R. Co., 85 App. Div. 85 [82 N. Y. Supp. 1057], affirmed 178 N. Y. 623 [70 N. E. 1101]."

The judgment should be reversed. All concur.